MISSOURI PACIFIC RAILWAY COMPANY *v.* TABER, GUARDIAN OF SMALL ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 760. Submitted April 10, 1917.—Decided May 21, 1917.

The claim that the Federal Employers' Liability Act should have governed the action will not afford jurisdiction under Judicial Code, § 237, where the action was originally based upon a state statute and the federal act was not set up or relied upon in the answer or

otherwise called to the trial court's attention and where the state supreme court, following the state statutes and established practice, declined to pass upon the claim because not presented to the trial court.

Writ of error to review 186 S. W. Rep. 688, dismissed.

THE case is stated in the opinion.

*Mr. Edward J. White, Mr. Thomas Hackney* and *Mr. Martin Lyons* for plaintiff in error.

*Mr. John T. Wayland, Mr. R. J. Ingraham, Mr. L. E. Durham* and *Mr. Hale Houts* for defendant in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Charles H. Small was killed at Kansas City while employed by plaintiff in error as a switchman. Relying upon a state statute, the guardian of his minor children sued for damages in the Jackson County Circuit Court and recovered a judgment which the Supreme Court of Missouri affirmed, May 15, 1916. We are asked to reverse that action because the Federal Employers' Liability Act was not applied, but rights and liabilities were determined according to state laws.

Unless some right, privilege, or immunity under the federal act was duly and especially claimed we have no jurisdiction. Judicial Code, § 237. Speaking for the court in *Erie R. R. Co.* v. *Purdy,* 185 U. S. 148, 154, Mr. Justice Harlan announced the applicable rule. "Now, where a party—drawing in question in this court a state enactment as invalid under the Constitution of the United States, or asserting that the final judgment of the highest court of a State denied to him a right or immunity under the Constitution of the United States—did not raise such question or especially set up or claim such right or immu-

nity in the trial court, this court cannot review such final judgment and hold that the state enactment was unconstitutional or that the right or immunity so claimed had been *denied* by the highest court of the State, if that court did nothing more than decline to pass upon the Federal question because not raised in the trial court as required by the state practice. *Spies* v. *Illinois*, 123 U. S. 131, 181; *Miller* v. *Texas*, 153 U. S. 535, 538; *Morrison* v. *Watson*, 154 U. S. 111, 115."

The original action was based upon a state statute; the answer did not set up or rely upon the federal act; the trial court's attention was not called thereto; and although urged to hold liability depended upon it, the Supreme Court declined to pass upon that point because not presented to the trial court. This ruling seems in entire accord with both state statutes and established practice. Rev. Stats. Mo. 1909, § 2081; *St. Louis* v. *Flanagan*, 129 Missouri, 178; *Freeland* v. *Williamson*, 220 Missouri, 217.

The writ must be dismissed.

*Dismissed.*