MISSOURI, KANSAS & TEXAS RAILWAY COMPANY *v.* SEALY ET AL., PARTNERS AS HUTCHINGS, SEALY & COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 90.   Argued December 18, 1918.—Decided January 7, 1919.

When a party neglects to present a federal question within the time allowed by the state procedure, and it is refused consideration by the state court for that reason, writ of error will not lie under Jud. Code, § 237.

A cause of action under an interstate bill of lading, which arose, if at all, before the date of the Carmack Amendment, depends upon the state law.

Writ of error to review 98 Kansas, 225, dismissed.

THE case is stated in the opinion.

*Mr. Joseph M. Bryson,* for plaintiff in error, submitted. *Mr. W. W. Brown* and *Mr. James W. Reid* were also on the brief.

*Mr. Maurice H. Winger,* with whom *Mr. F. M. Harris,* *Mr. Arthur Miller* and *Mr. Samuel J. McCulloch* were on the brief, for defendants in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

In June, 1900, the Missouri, Kansas & Texas Railway Company issued bills of lading to shipper's order covering 27 carloads of grain to be shipped from Kansas City, Missouri, to Galveston, Texas. No grain was in fact delivered to it for shipment; but before the fraud was discovered, the alleged shipper transferred the bills of lading to Hutchings, Sealy & Co., who made advances thereon. The advances were not fully repaid; and in 1905 they brought suit against the railroad in a state district court of Kansas. The railroad defended on the ground that, since the bills of lading had been delivered in Missouri, the transaction was governed by the Missouri law, and that under the law of that State the railroad was not liable. For more than eight years the record contained no suggestion of a federal question, the case having meanwhile been passed upon twice by the Supreme Court of Kansas (*Railway Co.* v. *Hutchings,* 78 Kansas, 758; *Hutchings* v. *Railway Co.,* 84 Kansas, 479). Thereafter, in 1913, the railroad presented the claim that the transaction was governed by the federal law; and that, by it, the defendant was not liable. The Supreme Court of Kansas, apparently as a matter of state practice, declared that the contention came too late to be considered; and entered judgment for the plaintiff. 98 Kansas, 225. The case comes here on writ of error under § 237 of the Judicial Code.

The federal question was not seasonably raised. *Bonner* v. *Gorman,* 213 U. S. 86, 91; *Louisville & Nashville R. R. Co.* v. *Woodford,* 234 U. S. 46, 51. But it is also unsubstantial. Prior to the Carmack Amendment (Act of June 29, 1906, c. 3591, § 7, 34 Stat. 584, 595) the rights of the parties were governed by state law, *Boston & Maine Railroad* v. *Hooker,* 233 U. S. 97, 109–110; *Pennsylvania R. R. Co.* v. *Hughes,* 191 U. S. 477; *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Solan,* 169 U. S. 133; and the Carmack Amendment does not apply, as the cause of action, if any, arose six years before the passage of that act. The writ of error is

*Dismissed.*