AMERICAN SURETY CO. *v.* BALDWIN ET AL.*

No. 3.   Argued October 13, 14, 1932.—Decided November 14, 1932.

---

* Together with No. 21, *Baldwin et al.* v. *American Surety Co.*, certiorari to the Circuit Court of Appeals for the Ninth Circuit.

Messrs. *William Marshall Bullitt* and *Allan C. Rowe,* with whom *Mr. Oliver O. Haga* was on the brief, for the American Surety Co.

158

*Mr. James F. Ailshie, Jr.,* for Baldwin et al.

M ᴿ. Jᴜꜱᴛɪᴄᴇ Bʀᴀɴᴅᴇɪꜱ delivered the opinion of the Court.

In each of these cases, the American Surety Company of New York seeks to be relieved from a judgment in favor of the Baldwins entered against it by an Idaho

court for $22,357.21 and interest, on a supersedeas bond. No. 3, which is here on certiorari to the Supreme Court of Idaho, brings the record of the cause in which that judgment was entered. 286 U. S. 536. No. 21 is here on certiorari to the United States Circuit Court of Appeals for the Ninth Circuit, which reversed the decree of the federal court for Idaho denying the Surety Company's application to enjoin the enforcement of the judgment and dismissing the bill. 286 U. S. 537. In each case it is claimed that the judgment is void under the due process clause of the Fourteenth Amendment.

The bond was given upon the appeal of the Singer Sewing Machine Company and Anderson, its employee, to the Supreme Court of Idaho from a judgment for $19,500 recovered against them by the Baldwins in an Idaho district court for an automobile collision. The defendants had given a joint notice of appeal " from that certain judgment . . . against the defendants and each of them, and from the whole thereof." Pursuant to the statutes (Idaho Comp. Stat. §§ 7154 and 7155), two bonds were given by the Surety Company, both being executed only by it. One was in the sum of $300 for costs; the other was the supersedeas bond in the sum of $25,000 here in question, copied in the margin.[1] It recited that

[1] VIVIAN F. BALDWIN and E. R. BALDWIN, Plaintiffs, v. SINGER SEWING MACHINE COMPANY, a Corporation, and ED. ANDERSON, Defendants.

Whereas, the defendant, Singer Sewing Machine Company, a corporation, in the above entitled action has appealed to the Supreme Court of the State of Idaho from the judgment made and entered against it in the above entitled action and in the above entitled court in favor of the plaintiffs in said action on the 31st day of May, 1928, for the sum of Nineteen Thousand Five Hundred ($19,500.00) Dollars and for Seventy-three and 70/100 ($73.70) Dollars costs in said suit, making a total of Nineteen Thousand Five Hundred and Seventy-three and 70/100 ($19,573.70) Dollars, and from the whole of said judgment;

" if the said judgment appealed from, or any part thereof, be affirmed " and " if the said appellant does not make such payment within thirty days from the filing of the remittitur from the Supreme Court in the court from which the appeal is taken, judgment may be entered on motion of the respondents in their favor against the undersigned surety."

And whereas, the said appellant, Singer Sewing Machine Company, a corporation, is desirous of staying the execution of said judgment so appealed from;

Now, therefore, the undersigned American Surety Company, a corporation authorized to, and doing business in the State of Idaho, in consideration of the premises and of such appeal on the part of said appellant, Singer Sewing Machine ' Company, a corporation, does hereby acknowledge itself firmly bound in the sum of Twenty-five Thousand ($25,000.00) Dollars, gold coin of the United States, that if the said judgment appealed from, or any part thereof, be affirmed, or the appeal dismissed, the appellant · will pay in gold coin ⸴ of the United States of America, the amount directed to be paid as to which said judgment shall be affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellant upon the appeal, and that if the said appellant does not make such payment within thirty days from the filing of the remittitur from the Supreme Court in the court from which the appeal is taken, judgment may be entered on motion of the respondents in their favor and ·against the undersigned surety for the said sum of Nineteen Thousand Five Hundred Seventy-three and 70/100 ($19,573.70) Dollars, together with the interest that may be due thereon and the damages and costs which may be awarded against the said appellant, Singer Sewing Machine Company, upon the appeal.

In Witness Whereof, the said American Surety Company, has caused its name and seal to be attached hereto by its proper officers and agents at Boise, Idaho, this 28th day of August, 1928.

AMERICAN SURETY COMPANY OF NEW YORK,
By HOWARD E. STEIN,
*Attorney-in-Fact.*
Countersigned:
HOWARD E. STEIN,
*Agent at Boise, Idaho.*

The Supreme Court affirmed the judgment as to Anderson and reversed it as to the Singer Company, *Baldwin* v. *Singer Sewing Machine Co. and Anderson,* 49 Idaho 231; 287 Pac. 944. Upon the filing of the remittitur the appropriate new judgment against Anderson was entered in the trial court. That judgment having remained unpaid more than thirty days, the Baldwins, without giving notice to either of the original defendants or to the Surety Company, moved the trial court to enter judgment against the latter. On June 23, 1930, judgment was so entered against the Surety Company in the sum of $22,357.21 and interest, with a provision " that the plaintiffs have execution therefor."

The Surety Company concedes that by executing the supersedeas bond it became, by the laws of Idaho, a party to the litigation; [2] and that if the effect of the bond was to stay the judgment as against Anderson, consent had thereby been given to the entry of judgment without notice and the judgment would be unassailable. Cf. *Pease* v. *Rathbun-Jones Engineering Co.,* 243 U. S. 273, 279. Its contention is that the bond, properly construed,

[2] The Idaho statute was so construed by the Circuit Court of Appeals for the Ninth Circuit in *United States Fidel. & Guar. Co.* v. *Fort Misery Highway Dist.,* 22 F. (2d) 369, 373, and in *Empire State-Idaho Mining & Developing Co.* v. *Hanley,* 136 Fed. 99. See also Calif. Code Civ. Proc., § 942; *Meredith* v. *Santa Clara Mining Ass'n of Baltimore,* 60 Calif. 617, 619; *Hitchcock* v. *Caruthers,* 100 Calif. 100, 103; 34 Pac. 627; *Hawley* v. *Gray Bros. Artificial Stone Paving Co.,* 127 Calif. 560, 561; 60 Pac. 437. The California provision was the prototype for the Idaho statute in question. See *Naylor & Norlin* v. *Lewiston & S. E. Elec. Ry. Co.,* 14 Idaho 722, 725; 95 Pac. 827. Compare *Hartford Accident & Indemnity Co.* v. *Bunn,* 285 U. S. 169; *Capital National Bank* v. *Board of Supervisors,* 286 U. S. 550; *Fidelity Union Casualty Co.* v. *Hanson,* 287 U. S. 599; *Louisville & Nashville R. Co.* v. *Parker,* 287 U. S. 569; *Toledo Scale Co.* v. *Computing Scale Co.,* 281 Fed. 488, affirmed 261 U. S. 399.

did not stay the judgment as against Anderson, but solely as against the Singer Company; that hence, the Surety Company had not consented to the entry of a judgment against it upon Anderson's failure to pay; and that since the judgment against it was entered without giving it notice and the opportunity of a hearing on the construction and effect of the bond, the judgment is void under the due process clause of the Fourteenth Amendment.

*First.* The certiorari granted in No. 3 to review the judgment rendered by the Supreme Court of Idaho on May 2, 1931 (50 Idaho 606; 299 Pac. 341) must be dismissed for failure to make seasonably the federal claim. The proceedings culminating in that judgment were these. On June 26, 1930, three days after the entry by the Idaho district court of judgment against the Surety Company on the supersedeas bond, it filed a motion in that court to vacate and set aside the judgment. The grounds there urged in support of the motion were wholly state grounds. They were that the judgment was void, because there had been no breach of condition of the bond, properly construed; that the judgment had been entered without notice to either the Surety Company or the Singer Company; and that the enforcement of the judgment would be contrary to good conscience and equity. After hearing arguments on the motion, the Idaho district court ordered that the judgment be vacated and set aside, and that the execution issued pursuant thereto be quashed. The Baldwins appealed to the Supreme Court of Idaho; and upon the presentation of their appeal no federal question was raised by either party. The Supreme Court, on May 2, 1931, reversed the order vacating the judgment. It declared that the only issue before the trial court on motion to vacate was its own jurisdiction to render the judgment against the Surety Company on the supersedeas undertaking; that such jurisdiction existed by virtue of the Surety Company's execution of the undertaking in

the cause; that the question which had necessarily been presented was: " Did the Surety Company, in its undertaking, become a party liable for every part of the judgment appealed from which might be affirmed by the supreme court, or did it stipulate only as to such judgment or part thereof as might be affirmed against the Singer Sewing Machine Company "; that the trial court thus had the power and duty to construe the bond; that " whether it decided right or wrong its decision was a judgment which could be reviewed for error, if there was error, only by " the Supreme Court on appeal; and that the alleged error could not be raised on motion to vacate. 50 Idaho 609, 614–616; 299 Pac. 341.

The Surety Company petitioned for a rehearing. In that petition, besides reiterating several of its previous contentions, it urged, for the first time, that the rendition of the judgment on its undertaking violated the due process clause of the Fourteenth Amendment.[3] The petition was denied without opinion. The federal claim there made cannot serve as the basis for review by this Court. The contention that a federal right had been violated rests on the action of the trial court in entering judg-

---

[3] The petition to this Court for a writ of certiorari, although filed October 30, 1931, was not granted until April 25, 1932, 286 U. S. 536, action thereon being withheld " awaiting the action of the Supreme Court of Idaho in the matters pending before it." Journal Sup. Ct., October Term 1931, p. 163 (Jan. 11, 1932). The actions referred to were two further steps taken by the Surety Company in the Idaho courts to be relieved of the original judgment against it. The first was a motion to correct, amend and vacate the original judgment. This motion the trial court overruled, and its order was upheld on appeal to the Supreme Court of Idaho. 52 Idaho 243; 13 P. (2d) 650, decided July 12, 1932, rehearing denied September 10, 1932. The second was a direct appeal to the Supreme Court of Idaho from the original judgment; this appeal was dismissed because taken more than 90 days after the entry of the judgment appealed from. 51 Idaho 614; 8 P. (2d) 461, decided February 21, 1932.

164

ment without giving notice and an opportunity to be heard. The same ground of objection had been raised throughout the proceedings but solely as a matter of state law. There had been ample opportunity earlier to present the objection as one arising under the Fourteenth Amendment. Compare *Corkran Oil Co.* v. *Arnaudet,* 199 U. S. 182, 193; *Godchaux Co.* v. *Estopinal,* 251 U. S. 179, 181; *Live Oak Water Users' Assn.* v. *Railroad Commn.,* 269 U. S. 354, 357. This is not a case where, as in *Saunders* v. *Shaw,* 244 U. S. 317, 320, the federal claim arose from the unanticipated disposition of the case at the close of the proceedings in the state Supreme Court. Compare *Ohio ex rel. Bryant* v. *Akron Metropolitan Park Dist.,* 281 U. S. 74, 79. Nor is the federal claim based, as in *Brinkerhoff-Faris Trust & Savings Co.* v. *Hill,* 281 U. S. 673, 678, upon the unanticipated act of the state Supreme Court in giving to a statute a new construction which threatened rights under the Constitution. Compare *Missouri ex rel. Missouri Insurance Co.* v. *Gehner,* 281 U. S. 313, 320.

*Second.* In No. 21, the Circuit Court of Appeals should have affirmed the decree of the federal court for Idaho which denied the Surety Company's application for an interlocutory injunction and dismissed the bill. For the federal remedy was barred by the proceedings taken in the state court which ripened into a final judgment constituting *res judicata.*

The Surety Company was at liberty to resort to the federal court regardless of citizenship, because entry of the judgment without notice, unless authorized by it, violated the due process clause of the Fourteenth Amendment, compare *National Exchange Bank* v. *Wiley,* 195 U. S. 257; *Cooper* v. *Newell,* 173 U. S. 555. And it was at liberty to invoke the federal remedy without first pursuing that provided by state procedure. *Simon* v. *Southern Ry. Co.,* 236 U. S. 115; *Atchison, Topeka & Santa*

*Fe Ry. Co.* v. *Wells,* 265 U. S. 101; *Firestone Tire & Rubber Co.* v. *Marlboro Cotton Mills,* 282 Fed. 811, 814. But an adequate state remedy was available; and having invoked that and pursued it to final judgment, the Surety Company cannot escape the effect of the adjudication there. Compare *Mitchell* v. *First National Bank,* 180 U. S. 471, 480–481; *Lion Bonding Co.* v. *Karatz,* 262 U. S. 77, 90.

The Supreme Court of Idaho had jurisdiction over the parties and of the subject matter in order to determine whether the trial court had jurisdiction. Clearly, the motion to vacate, made on a general appearance, and the appeal from the order thereon, were no less effective to confer jurisdiction for that purpose than were the special appearance and motion to quash and dismiss held sufficient in *Baldwin* v. *Iowa State Traveling Men's Assn.,* 283 U. S. 522. And there was an actual adjudication in the state court of the question of the jurisdiction of the trial court to enter judgment. The scope of the issues presented involved an adjudication of that issue. Compare *Napa Valley Elec. Co.* v. *Railroad Commn.,* 251 U. S. 366; *Grubb* v. *Public Utilities Commn.,* 281 U. S. 470, 477–478. The Supreme Court of Idaho did not refuse to adjudicate that question when it declined to " construe the legal effect of the undertaking in question further than to examine it in aid of determining the sole question of the court's jurisdiction to hear and determine the motion for judgment thereon." It narrowed the issue, according to the State procedure, by separating, in effect, the question of jurisdiction from that of liability. It held that the status of the Surety Company as a party to the litigation, by virtue of its execution of the bond in the cause, necessarily persisted, although its liability may have been limited by the terms of the bond. With the soundness of the decision we are not here concerned. It is enough that the court did not, as the Surety Com-

pany asserts, reach its decision by merely assuming the point in issue, or by deeming itself concluded by the fact that the trial court took jurisdiction. That it did not so reach its decision is made clear by the opinion itself. We are thus brought to a consideration of the effect on the present suit of the judgment of the Supreme Court of Idaho.

The full faith and credit clause, together with the legislation pursuant thereto, applies to judicial proceedings of a state court drawn in question in an independent proceeding in the federal courts. Act of May 26, 1790, c. 11; Act of March 27, 1804, c. 56, § 2; Rev. Stat. § 905; *Mills* v. *Duryee,* 7 Cranch 481, 485; *Insurance Co.* v. *Harris,* 97 U. S. 331, 336. Compare *Bradford Electric Light Co.* v. *Clapper,* 286 U. S. 145, 155. The principles of res judicata apply to questions of jurisdiction as well as to other issues. *Baldwin* v. *Iowa State Traveling Men's Assn.,* 283 U. S. 522. They are given effect even where the proceeding in the federal court is to enjoin the enforcement of a state judgment, if the issue was made and open to litigation in the original action, or was determined in an independent proceeding in the state courts. See *Marshall* v. *Holmes,* 141 U. S. 589, 596; *Fidelity & Deposit Co.* v. *Gaston, Williams & Wigmore,* 13 F. (2d) 267, aff'd per curiam, *id.,* 268.[4] The principles of *res judicata* may apply, although the proceeding was begun by motion. Thus, a decision in a proceeding begun by motion to set aside a judgment for want of jurisdiction is, under Idaho law, *res judicata,* and precludes a suit to enjoin enforcement of the judgment. *Bernhard* v. *Idaho Bank & Trust Co.,* 21 Idaho 598; 123 Pac. 481.[5] Since the deci-

---

[4] In *Wells Fargo & Co.* v. *Taylor,* 254 U. S. 175, the petitioner had not been allowed to become a party to the prior litigation in the state court.

[5] The opinion in that case makes it clear that the effect of the prior judgment as a bar does not rest merely on a rule of practice or, where

sion would formally constitute *res judicata* in the courts of the state; since it in fact satisfies the requirements of prior adjudication; and since the constitutional issue as to jurisdiction might have been presented to the state Supreme Court and reviewed· here, the decision is a bar to the present suit insofar as it seeks to enjoin the enforcement of the judgment for want of jurisdiction. Cf. *Fidelity Nat. Bank & Trust Co.* v. *Swope,* 274 U.·S. 123, 130–131.

---

the second proceeding is in equity, on the adequacy of the remedy at law. The court said: " In this state the appellant had a choice between two remedies, and he chose to file his motion to vacate the judgment in the case in which the judgment was rendered upon the same facts as pleaded in the complaint in the action involved, and the court, after hearing the motion, decided the facts against the appellant, holding that the judgment was not void, and the order so holding was appealable. But appellant refused to exercise his right of appeal and brought this suit in equity to enjoin the collection of said judgment. He had his day in court in that action, and the decision of that motion upon the question of jurisdiction was *res adjudicata.* The appellant had the right either to attack said judgment by motion in the original case or by bringing this action to enjoin or to have it set aside. If he proceeded by motion, and the court decided against him, the decision of that question, until reversed upon appeal, is final and binding on the parties.". 21 Idaho 598, 603–604; 123 Pac. 481.

Compare the effect, under Idaho law, of a decision on a motion to set aside a judgment because of the mistake, inadvertence, or excusable neglect of the defendant, or to allow an answer to the merits to be interposed after judgment where summons was not served personally on the defendant. Motions of this kind are allowed by express statute. Idaho Comp. Stat., § 6726. They present a matter for judicial discretion, *Mortgage Co. Holland America* v. *Yost,* 39 Idaho 489; 228 Pac. 282; and their determination does not bar a renewal motion. See *Dellwo* v. *Petersen,* 34 Idaho 697; 203 Pac. 472. But motions of this kind are to be distinguished from those attacking the judgment as void for want of jurisdiction. *Armitage* v. *Horseshoe Bend Co., Ltd.,* 35 Idaho 179; 204 Pac. 1073; *Shumake* v. *Shumake,* 17 Idaho 649; 107 Pac. 42.

168

*Third.* The Surety Company contends in No. 21 that even if the trial court of the State had jurisdiction, the federal district court may enjoin the enforcement of the judgment on the ground that, having been entered without notice and an opportunity for a hearing on the construction of the bond, it lacked due process of law. It is true that entry of judgment without notice may be a denial of due process even where there is jurisdiction over the person and subject matter. But that rule is not applicable here. For if the bond properly construed stayed the judgment as against Anderson, the Surety Company consented to the entry of judgment against it without notice for his failure to pay. If the bond did not stay the judgment as against Anderson, the trial court confessedly erred in entering the judgment on the bond. In order to contest its liability the Surety Company had the constitutional right to be heard at some time on the construction of the bond. The state practice provided the opportunity for such a hearing by an appeal after the entry of judgment.

The practice prescribed was constitutional. Due process requires that there be an opportunity to present every available defense; but it need not be before the entry of judgment. *York* v. *Texas,* 137 U. S. 15. Cf. *Grant Timber & Mfg. Co.* v. *Gray,* 236 U. S. 133; *Bianchi* v. *Morales,* 262 U. S. 170. See also *Phillips* v. *Commissioner,* 283 U. S. 589, 596–597; *Coffin Bros. & Co.* v. *Bennett,* 277 U. S. 29. An appeal on the record which included the bond afforded an adequate opportunity. Thus, the entry of judgment was consistent with due process of law. We need not enquire whether its validity may not rest also on the ground that the Surety Company, by giving the bond, must be taken to have consented to the state procedure. Compare *United Surety Co.* v. *American Fruit Product Co.,* 238 U. S. 140, 142; *Corn Exchange Bank* v. *Commissioner,* 280 U. S. 218, 223. The opportunity afforded by

state practice was lost because the Surety Company inadvertently pursued the wrong procedure in the state courts. Instead of moving to vacate, it should have appealed directly to the state Supreme Court. When later it pursued the proper course, the time for appealing had elapsed. The fact that its opportunity for a hearing was lost because misapprehension as to the appropriate remedy was not removed by judicial decision until it was too late to rectify the error, does not furnish the basis for a claim that due process of law has been denied. Compare *O'Neil* v. *Northern Colorado Irrigation Co.,* 242 U. S. 20, 26. Having invoked the state procedure which afforded the opportunity of raising the issue of lack of notice, the Surety Company cannot utilize the same issue as a basis for relief in the federal court. Federal claims are not to be prosecuted piecemeal in state and federal courts, whether the attempt to do so springs from a failure seasonably to adduce relevant facts, as in *Grubb* v. *Public Utilities Commn.,* 281 U. S. 470, 479, or from a failure seasonably to pursue the appropriate state remedy.[6]

*In No. 3, writ of certiorari dismissed.*
*In No. 21, decree reversed.*

---

[6] The cases are many in which failure to comply with state rules of practice has prevented this Court from considering a federal claim on direct review. See *e. g.* cases where the claim was not considered by the highest court of the State because it was not raised by the proper procedure, *Brown* v. *Massachusetts,* 144 U. S. 573, 580; *Hulbert* v. *Chicago,* 202 U. S. 275, 281; or by the proper pleadings, *Atlantic Coast Line R. Co.* v. *Mims,* 242 U. S. 532, 535–537; *Nevada-California-Oregon Ry.* v. *Burrus,* 244 U. S. 103, 104–105; or was not raised at the proper stage of the proceedings, *Spies* v. *Illinois,* 123 U. S. 131, 181; *Baldwin* v. *Kansas,* 129 U. S. 52, 56–57; *Jacobi* v. *Alabama,* 187 U. S. 133; *Layton* v. *Missouri,* 187 U. S. 356; *Louisville & Nashville R. Co.* v. *Woodford,* 234 U. S. 46, 51; *Missouri Pacific Ry. Co.* v. *Taber,* 244 U. S. 200, 201–202; *Missouri, Kansas & Texas Ry. Co.* v. *Sealy,* 248 U. S. 363, 365; *Barbour* v. *Georgia,* 249 U. S. 454, 460; *Hartford Life Ins. Co.* v. *Johnson,* 249 U. S. 490, 493–494; cf. *Michigan Central R. Co.* v. *Mix,* 278 U. S. 492, 496.