GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff and Appellant, *v.* MARÍA PETRA BRAÑUELA ET AL, Defendants and Appellees.

No. 8433. Argued June 16, 1942.—Decided July 13, 1942.

*Brown, González & Newsom,* and *R. Rodríguez Antongiorgi* for appellant. *George A. Malcolm, Attorney General,* and *Eulogio Riera Deputy Attorney General,* for appellee Treasurer.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Caribe Motors Corporation conditionally sold to Petra Brañuela a Chevrolet automobile which was afterwards seized by the Treasurer of Puerto Rico on the ground that it had been used by Juan Reyes Matías, a chauffeur, in transporting 35 gallons of alcohol in violation of the Spirits and Alcoholic Beverages Act approved June 30, 1936 (Laws of 1936, Spec. Sess., p. 44).

The appellant, to whom Caribe Motors Corporation had assigned its rights in the conditional sale contract, filed in the lower court a petition for repossession against Petra Brañuela and the Treasurer, pursuant to the provisions of the Act concerning Conditional Sales of Personal Property and Chattels. The appellant alleged the execution of the contract between Caribe Motors Corporation and the defendant Brañuela; the conveyance made to it by the Caribe Motors Corporation of its rights as conditional seller; the seizure of the vehicle by the Treasurer; the nonperformance of the contract on the part of the purchaser in using or allowing the vehicle to be used for the transportation of liquors in violation of the law; and lastly, that the purchaser owed the sum of $528.12 of the purchase price. The petitioner concluded by praying for an order directing the mar-

682

shal to seize the automobile and deliver it to the petitioner so that the latter might dispose of it in conformity with the aforesaid act regarding conditional sales of personal property. The Treasurer appeared on the day set for the hearing, but codefendant Brañuela failed to appear. The Treasurer admitted the facts alleged in the petition; but he set up that §62 of the Alcoholic Beverages Act confers on him a paramount right upon said automobile, and he further alleged that the petition did not state facts sufficient to constitute a cause of action.

On the basis of the above allegations, the lower court dismissed the petition on the ground that the petitioner had forfeited every right to or interest in the automobile in controversy, because it had been seized by the Treasurer of Puerto Rico pursuant to §62, *supra*. Thereupon the petitioner took the present appeal, and in support thereof it maintains that the construction given to §62 by the lower court is erroneous and that, in any event the court erred in failing to declare the statute invalid as being in conflict with §2 of the Organic Act, which provides that no person shall be deprived of his property without due process of law. In taking its appeal the petitioner failed to serve notice thereof upon the codefendant Brañuela and relying on such alleged defect, the appellee Treasurer filed in this court a motion to dismiss the appeal. Such motion was submitted together with the appeal upon its merits; but as a jurisdictional question is raised therein which if upheld would prevent us from considering the merits of the appeal, it becomes necessary to first pass upon the motion.

Is Petra Brañuela an adverse party who may be prejudiced by the judgment to be rendered in this appeal? She did not oppose the seizure made by the Treasurer. Nor did she defend the repossession proceedings brought by the appellant, nor did she file any appeal from the order under consideration, thus impliedly consenting to the confiscation

proceeding. Should the order appealed from be affirmed, the seizure consented to by her would stand and the situation would be the same as if this appeal had not been taken. Should the order be reversed she might profit thereby if the Treasurer were not declared to have been subrogated to her rights, for if such declaration were not made, she might acquire any sum to which she might be entitled after the automobile had been sold by the assignee in the place of the conditional vendor and after deducting the sums to which the assignee should be entitled under the law. It is, therefore, evident that irrespective of any judgment that might be rendered by this court, she can not possibly be prejudiced. Such being the case, although Petra Brañuela is an adverse party with respect to the plaintiff, inasmuch as she is a party defendant, she can not be prejudiced by the judgment on appeal, and therefore it was unnecessary to serve notice of the appeal on her.

The jurisdictional question having thus been disposed of, we may now proceed to discuss the appeal upon its merits.

■ As the appellant mainly relies for its contention upon the interpretation to be given to §62, *supra*, it is proper to transcribe the same herein for a better understanding of the discussion:

"Section 62.—The Treasurer is hereby authorized to confiscate any vehicle, boat, launch, or other water or air craft which is apprehended loaded or while loading, transporting, carrying or transferring any distilled spirits or alcoholic beverages illegally manufactured, imported, distilled or rectified and on which the taxes prescribed by this Act have not been paid; and same shall be sold at public auction for the benefit of The People of Puerto Rico; *Provided,* That the Treasurer in his discretion may, if the public service so requires, designate not more than five (5) of such motor vehicles or boats to be used by duly authorized officials and agents of the Bureau of Alcoholic Beverages and Narcotics."

The above provision is mandatory in so far as it authorizes the Treasurer to confiscate any vehicle, boat, etc., which

is apprehended in the transportation of any distilled spirits or alcoholic beverages on which the taxes prescribed by law have not been paid. Statutes such as the one under consideration have been given different constructions as regards any rights to the vehicle held by third persons who had no knowledge of, or who had not consented to the unlawful use of the property, either expressly or impliedly. The appellant, in its brief as well as in its oral argument, proceeds on the theory that it did not have knowledge of, nor in any way consented to, the illegal use of the vehicle and asks us to construe §62, *supra,* in the sense that its provisions are not applicable to it and that, therefore, its rights can not be affected by the violation of the law committed by the conditional buyer or its agent. The argument of the appellant is not well founded, for it does not at all appear from the record that it is the innocent third party referred to in the decisions cited by it. The mere fact that the appellant is the assignee of the rights of the conditional seller does not necessarily mean that, prior to the violation which led to the seizure of the vehicle, it knew that the latter was being used for such purposes, nor does it exclude its express or implied consent to such use, by failing to repossess the vehicle from the transgressor.

In the case at bar the appellant has failed to place us in a position to pass upon the question raised in its brief, since there is no ground on which to rely for assuming that it is an innocent third person and it was incumbent on the appellant—which now asserts it—to allege and prove that fact. The proceeding brought by the appellant is of a civil nature and there is no presumption whatever of innocence to justify the omission already referred to. This being so, the appellant is no more entitled than appellee Brañuela to prevent the confiscation of the vehicle.

It now remains for us to consider the last of the questions raised. Does the statute violate the constitutional

guarantee of due process of law? In other words, does the law grant to the owner or person interested in the vehicle the right to be served with notice and an opportuniy to be heard in his own defense? It is true that nothing is said in §62, *supra,* regarding that notice and an opportunity to be heard, but §97 of the same act amply and sufficiently grants such opportunity. The latter section in its pertinent part reads as follows:

"Section 97. Whenever the Treasurer of Puerto Rico is empowered by this Act to sell articles or products attached by him or by his agents, any aggrieved person may appeal to the corresponding district court, and said court shall have jurisdiction, after due hearing, to confirm, revoke, or modify the decision of the Treasurer. Said appeal shall be made within ten days after the interested person is notified."

It might be argued that the hearing takes place after the confiscation has been decreed; but this circumstance is immaterial for the purpose of the constitutional guarantee under consideration. What matters is that the injured party be given an opportunity to be heard before the disposal of the vehicle by the Treasurer. *American Surety Co.* v. *Baldwin,* 287 U. S. 156, 77 L. ed. 1289; *Chicago* v. *O'Connell,* 8 A.L.R. 916.

It is true that §97 fails to state when the notice shall be served on the person or persons interested, but since said section provides that the appeal shall be taken within 10 days from the service of the notice, such provision clearly implies the duty, on the part of the Treasurer, to serve notice on the interested parties, and so long as such service is not made, the time to appeal does not expire and while the appeal is pending, the seizure does not become final and the Treasurer can not dispose of the vehicle to the prejudice of the parties interested in such property.

■ Having laid down this principle and taking up again the pleadings of the parties we must necessarily agree with the trial court that the petition does not state facts consti-

tuting a cause of action. The appellant, as already stated by us, did not set out in any way facts placing the lower court in a position to determine whether §62, *supra,* was really inapplicable to it. As such a state of facts has not been shown, the status of the appellant, as appears from the petition, is, for all legal purposes, the same as that of Petra Brañuela, and as the vehicle can be confiscated, notwithstanding the rights of Petra Brañuela it could also be confiscated in spite of the rights of the appellant, without violating in either case the clear provisions of §62. The appellant could have availed itself of the right of appeal granted by §97, *supra,* thus placing itself in a position to set out clearly and adequately the facts relevant to its defense. It did not do so, however, and the remedy chosen does not seem to be the most appropriate.

For the foregoing reasons, the appeal must be denied and the judgment appealed from affirmed.