**Jerry GIBNER, Plaintiff,**

**Kenneth G. Brown, Ancillary Administrator of the Estate of John L. Watson, Deceased, Intervenor,**

**v.**

**The Honorable Lafel E. OMAN, The Honorable John B. McManus, Jr., The Honorable Samuel Z. Montoya, The Honorable Dan Sosa, Jr., and The Honorable Mack Easley, Individually, and as Justices of the Supreme Court of the State of New Mexico, Defendants.**

**Civ. No. 76–630–B.**

United States District Court,
D. New Mexico.

July 11, 1977.

Charles DuMars, Stephen Durkovich, Peter Mallery, Albuquerque, N. M., for plaintiff.

Theodore R. Montoya, Albuquerque, N. M., for intervenor.

Allen C. Dewey, Jr., Albuquerque, N. M., for all defendants.

1.  *N.M.Stat.Ann. § 22–12–7* (1953) provides in material part:

    When the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be allowed in the first instance · .   .   ..

MEMORANDUM OPINION

BRATTON, Chief Judge.

This action challenges the New Mexico peremptory writ statute as violative of the fourteenth amendment to the United States Constitution.

The action arose initially out of the issuance of a peremptory writ of prohibition directed to a state district court judge by the New Mexico Supreme Court. A complaint in intervention, arising out of the issuance of another such writ to another state district court has also been filed. Both plaintiffs seek a declaration that *N.M. Stat.Ann. § 22–12–7*[1] and *N.M.Stat.Ann. § 21–12–12(b)*[2] are violative of the fourteenth amendment insofar as they allow for the issuance of peremptory writs which amount to final judgments without providing notice and an opportunity to be heard to the real party in interest. Also sought is injunctive relief, permanently enjoining the New Mexico Supreme Court from enforcing the peremptory writs of prohibition it issued in the matters affecting these plaintiffs.

There is no argument as to what happened in connection with both plaintiffs' state court actions and the prohibition proceedings.

The plaintiff Gibner had filed an action in state court to which the defendant's response was a motion for summary judgment. This motion was denied, but an interlocutory appeal was allowed. The New Mexico Court of Appeals reversed the trial court's order denying the defendant's motion for summary judgment.

The defendant then moved the trial court for entry of judgment on the appellate court's mandate. Plaintiff filed supplementary documentation with the trial court,

2.  *N.M.Stat.Ann. § 21–12–12(b)* (Repl.1970) (Supp.1975) provides:

    Peremptory writs may be issued only by a majority of the Supreme Court.

and the trial court denied the defendants' motion for entry of judgment on the mandate and again denied defendant summary judgment. However, another interlocutory appeal was allowed to resolve unanswered issues raised in the first interlocutory appeal and to ascertain whether the trial court was empowered under the previous appellate decision and mandate to proceed in the matter.

The New Mexico Court of Appeals granted defendant's second application, and then, following plaintiff's response thereto, withdrew its grant as improvident and denied defendant's application for interlocutory appeal.

The defendant then sought a writ of prohibition in the New Mexico Supreme Court. That court issued a peremptory writ of prohibition/mandamus directed to the trial judge, prohibiting him from proceeding further in the cause and directing him to abide by the mandate of the Court of Appeals issued upon the first interlocutory appeal.

The writ was sought ex parte, and plaintiff was not notified of or represented at the hearing thereon. Plaintiff thereafter filed a motion for rehearing, supporting it with a brief in which was stated his position on the law and the facts and his contention that he, as the real party in interest, was denied procedural due process by the court's issuance of the peremptory writ without notice to him and without giving him an opportunity to be heard. He also subsequently filed a motion to supplement his motion for a rehearing. His motions were denied without a hearing.

Plaintiff next filed in the New Mexico Court of Appeals a motion for clarification of its opinion and decision in the first interlocutory appeal, including therein reference to the writ of prohibition issued by the state supreme court. This motion was denied on the bases that the court lacked jurisdiction on the first appeal since its mandate had issued, that its further orders in the matter were self-explanatory, and that it had no authority to review an action of the New Mexico Supreme Court.

The plaintiff in intervention, Kenneth G. Brown, had filed a petition in the district court of Sandoval County, New Mexico, setting as a probate court, for letters of ancillary administration in the estate of decedent John Watson. An order appointing him ancillary administrator was entered.

He thereafter filed, as ancillary administrator of the estate, a wrongful death action against the city of Raton and others. This action also was filed in the Sandoval County district court. One of the defendants moved to dismiss on the basis that the court lacked jurisdiction over the action for failure of plaintiff to comply with the New Mexico Ancillary Administrator statute. The district court denied the motion to dismiss.

A writ of prohibition directed to the trial judge was then sought in the New Mexico Supreme Court, and it was granted without notice to, or participation in the hearing thereon, by the plaintiff in intervention.

Counsel for plaintiff in intervention did not receive notice of the issuance of the writ until after the expiration of the ten days following the entry of the court's decision and during which a motion for rehearing could be filed. A request for an extension was not sought, but almost three months later a motion for clarification of the record was filed, setting forth the status of movant's case in the lower court. The motion was denied without a hearing.

The district judge to whom this writ was directed acknowledged receipt of it five days after its issuance.

The plaintiffs complain, not only of the issuance of such writs without notice to, and an opportunity to be heard by, the real party in interest, but also of the fact that no records were made of the hearings following which the peremptory writs are issued. This, they claim, makes impossible any review of the matter by the United States Supreme Court.

The defendants in the present action have asserted a variety of legal defenses to plaintiffs' action, including the defense of collateral estoppel. It is defendants' posi-

tion that the motion for rehearing filed by counsel for Gibner in the prohibition matter raised the constitutional argument here presented and that the New Mexico Supreme Court, in ruling on the motion, ruled on that argument, so that Gibner's only recourse is by appeal or writ of certiorari to the United States Supreme Court.

Defendants also claim that the grounds for the issuance of the peremptory writ are sufficiently narrow, the rules governing its issuance sufficiently rigorous, and the right to petition for rehearing sufficient to satisfy notice and hearing requirements, so that the statute comports with due process.

■ It should first be noted that the New Mexico Supreme Court has superintending powers over the inferior courts of the state and that its actions vis-à-vis these plaintiffs were taken pursuant to those powers. Its superintendence of the state's lower courts is a legitimate activity and important to the administration of the state's judicial system. Its right of supervision cannot be challenged in federal district court.

■ Whether the state supreme court's practice of issuing peremptory writs directed to inferior state courts without giving notice and an opportunity to be heard to the real party in interest is unconstitutional cannot be presented to this court by the plaintiff Gibner. He actually submitted his due process claim to the state supreme court in his brief in support of his motion for rehearing. *See generally Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); *American Surety Co. v. Baldwin*, 287 U.S. 156, 163, 53 S.Ct. 98, 77 L.Ed. 231 (1932). Although he was not initially a named party to the prohibition proceedings, he was notified of the issuance of the writ, was able to and did file a motion for a rehearing, and had his motion considered by the court. A federal district court does not sit as an appellate court to review decisions by a state supreme court. *Doe v. Pringle et al.,* 550 F.2d 596, 604 (10th Cir. 1976) (concurring opinion). The writ of prohibition issuing from the state supreme court was a final judgment within the meaning of *28*

*U.S.C.A. § 1257(3); Fisher v. District Court of the Thirteenth District of Montana*, 424 U.S. 382, 385 n. 7, 96 S.Ct. 943, 47 L.Ed.2d 106 (1976); *Rescue Army v. Municipal Court*, 331 U.S. 549, 565, 67 S.Ct. 1409, 91 L.Ed. 1666 (1947), and review of all the proceedings therein should have been sought in the United States Supreme Court.

■ Further, the failure to transcribe the hearings had before the state supreme court on both writs does not, as is contended, result in an inadequate record to submit to the United States Supreme Court for its review of a constitutional claim.

The plaintiff in intervention stands in a different procedural position than does plaintiff Gibner, however, for he did not move for a rehearing and raise the constitutional issue he raises in the present action. Neither in his subsequent motion for clarification did he mention it, although his motion does allude to the ex parte nature of the prohibition proceedings.

■ In connection with this plaintiff's action, the real party in interest had not been timely notified of the issuance of a writ of prohibition affecting his state court action and had not moved for an extension of time in which to file a motion for rehearing supported by brief in which he presented his constitutional objections. The proper course under such circumstances is to remit him to the state supreme court for the purposes of asking for such an extension and, if it is granted, filing a motion for rehearing presenting to that court his constitutional claim, thus giving the state supreme court the opportunity to review its peremptory writ procedure in light of such claim.

Accordingly, the Court will enter an Order staying the present action as to plaintiff in intervention for sixty days to enable him to seek a rehearing in the state supreme court presenting his constitutional claim. If that body agrees to allow the filing of such a motion, then he will be in a position, should its decision on his motion be adverse, to apply to the United States Supreme Court for review.

This course of action seems in harmony with the philosophy of *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). Further, it comports with the Court's belief that except in an extreme circumstance it should not interject itself into the New Mexico Supreme Court's superintending power over its lower courts and therefore should consider matters such as have been raised here only if the plaintiff is not afforded an opportunity to present his constitutional claim through the channel set out above.