## JONES v. STYLES.
### No. 77-1644-CC-13.
County Court, Palm Beach County.

October 27, 1977.

Joseph Tomberg, Boynton Beach, for the plaintiff.

Stephen Press, Florida Rural Legal Services, Delray Beach, for the defendant.

HAROLD J. COHEN, County Court Judge.

This cause came on for hearing before the court upon defendant's motion to allow her to file her affirmative defenses without payment into the registry of the court. Defendant made an alternative motion to allow the answer to stand, again without payment into the court, even if the affirmative defenses are stricken. A third alternative motion was made by the defendant to determine the amount that must be paid into the court. For reasons more fully set out below the court will not make ruling on defendant's third alternative motion.

The plaintiff, G. E. Jones, originally brought this action for possession of the apartment in which the defendant Lucile Styles resides as a week to week tenant.

The action was brought pursuant to Florida Statute §83.40, et seq., the "Florida Residential Landlord and Tenant Act." An answer was timely filed by the defendant in which she denied several allegations in the complaint and asserted two affirmative defenses.

Because defendant did not deposit the amount of rent alleged to be due with her answer, the court notified defendant's attorney by telephone on October 12, 1977 that she must pay the rent due into the court or a default would be entered.

Florida Statute §83.60(2) provides —

"(2)   In an action by the landlord for possession of a dwelling unit based upon non-payment of rent, if the tenant interposes any defense other than payment, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due. Failure of the tenant to pay the rent into the registry of the court as provided herein constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default."

It is defendant's contention that the above statutory requirement that all defenses other than payment are waived without payment into the court, is violative of the due process clause of the Fourteenth Amendment as well as Article 1, Section 21, Florida Constitution (1968).

Defendant argues that fundamental to the notion of due process is that there be an opportunity to present every available defense, *American Surety Co. v. Baldwin*, 287 U.S. 156,168, 77 L. Ed. 231,53 S. Ct. 98, 86 ALR 298 (1932). Unless Florida Statute §83.60(2) is not found to be void by this court, defendant contends that she will not have her day in court despite the fact that she has denied that plaintiff can prove all of the elements of his cause of action (specifically, she has denied the amount of claimed rent and that plaintiff has given the proper notice required to terminate the tenancy).

In *Lindsey v. Normet*, 405 U.S. 56,31 L. Ed. 2d 36 (1972), the Supreme Court was asked to scrutinize the constitutionality of the Oregon statutory eviction proceedings. The Oregon statute precluded consideration of defenses based on the landlord's breach of a duty to maintain the premises unless security for accruing rent is provided. 405 U.S. 56,64. The tenant in *Lindsey* argued that preclusion of the housing code violation defenses violated both equal protection and due process. The court rejected the tenant's due process argument because there was no showing that Oregon excluded any defenses it recognizes as "available" on the three questions (physical possession, forcible withholding, legal right to possession). *Lindsey* at 405 U.S. 56,69. Instead the court concluded the tenant is not foreclosed from instituting his own action against the landlord and litigating his right to damages or other relief in that action.

Unlike the Oregon procedure, §83.60(2) makes failure to pay the rent a waiver of all the tenant's defenses except payment. The Florida procedure thereby fails to make available the defense of

whether the landlord has given proper notice. In order for the landlord to be entitled to possession for nonpayment of rent he must make written demand for the rent, giving the tenant three days to cure the default. Florida Statute §83.56(3). The defendant attempts to defend by denying that proper notice was given.

In *Lindsey,* supra, the Supreme Court stated that the Oregon procedure would have denied due process of law ". . . by restricting the issues in FED actions to whether the tenant has paid rent and honored the covenants he has assumed . . ." 405 U.S. 56,65. Since §83.60(2) restricts the issues solely to payment it thereby denies the due process requirement that there be an opportunity to present every available defense. *American Surety Co. v. Baldwin,* supra, 287 U.S. 196,168(1932). It is this court's holding, therefore that Florida Statute §83.60(2) is in violation of the Fourteenth Amendment to the United States Constitution.

Defendant also argues that §83.60(2) is in violation of Article 1, §21, Florida Constitution (1968). That section provides —

"Access to Courts — the courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."

Defendant asserts that her right to access to the courts would be denied if Florida Statute §83.60(2) is read to deny her right to defend without payment into court. In *G. B. B. Investments, Inc. v. Hinterkopf,* 343 So.2d 899 (Fla. 3rd D.C.A. 1977), the issue presented was whether a trial court can condition the hearing of a counterclaim in a mortgage foreclosure suit on the counterclaimant's payment into the registry of the court of the amount due on the mortgage plus delinquent interest and taxes. The court held that the trial court could not make such a precondition for access to the courts and that to do so would constitute a violation of the counterclaimant's right to free access to the courts guaranteed by Article 1, Section 21, Florida Constitution (1968).

Since any restrictions on access to the courts must be liberally construed in favor of the constitutional right, *Lehmann v. Cloniger,* 294 So.2d 344, 347 (Fla. 1st DCA, 1974), it is this court's opinion that §83.60(2) is also violative of the Florida constitutional guarantee of free access to the courts.

At the motion hearing the plaintiff made an oral motion to amend his complaint to state an additional ground for eviction. He wishes to allege that the defendant is residing with her children in a part of the camp that is restricted to adults only and thereby is in violation of Florida law. The court is of the opinion that

leave to amend should be granted and further that this case should now be set for trial on the merits.

For the reasons heretofore stated and relying upon the authority set forth therein, it is ordered and adjudged that defendant's motion be granted and that this case proceed to trial on the merits without the necessity of the defendant having to deposit rent into the registry of the court. It is further ordered and adjudged that the plaintiff be given leave to amend his complaint as previously set out in this order. It is further ordered and adjudged that this action be set for trial before the court on October 28, 1977, at 9:00 A.M. at the Boca Raton City Hall.