**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LAURA NELSON,
Plaintiff-Appellee,

v.                                                              No. 98-2400

IRWIN W. URAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-98-1208-A)

Submitted: March 9, 1999

Decided: March 29, 1999

Before WIDENER and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen Atherton Northup, Timothy Stephen Baird, MAYS & VAL-
ENTINE, Richmond, Virginia, for Appellant. Lewis T. Booker,
HUNTON & WILLIAMS, Richmond, Virginia; Richard R. Saunders,
Jr., SEVILA, SAUNDERS, HUDDLESTON & WHITE, Leesburg,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Irwin W. Uran appeals from the district court's order denying his motion to set aside a Virginia state court default judgment and granting Laura Nelson's motion to remand. For the reasons that follow, we affirm.

The relevant facts are undisputed. Nelson brought a state court contract action in the Circuit Court of Loudoun County against Uran on February 10, 1998. Because Uran disputed that he received proper service of process under state law, two attorneys appeared on his behalf on March 9, 1998, arguing that the court did not have personal jurisdiction over Uran. The court found Uran's jurisdictional argument unavailing, and allowed Uran until May 26, 1998, to file responsive pleadings. Because Uran failed to so respond, the court entered a default judgment on June 19, 1998, against Uran and awarded Nelson $1,311,000 plus interest and late fees. On August 10, 1998, the court ordered garnishee Merrill Lynch, where Uran was known to have funds, to pay Nelson's counsel the amount of the judgment and interest. Rather than appeal this default judgment to the proper Virginia forum, Uran removed the action to the district court on August 18, 1998, seeking the court to aside the state court's default judgment. The district court denied Uran's motion to set aside and granted Nelson's motion to remand.**1**

In their briefs, the parties argue at length about the propriety of the Virginia circuit court's ruling regarding whether it had personal jurisdiction over Uran. We cannot reach that issue, however, because the

_____

**1** By order of this court on October 23, 1998, the money, then $1,576,384.41, was deposited with the clerk of the United States District Court for the Eastern District of Virginia, pending settlement of this appeal. A bond for $500,000 also was ordered.

2

Rooker-Feldman doctrine makes it clear that federal courts do not possess jurisdiction to hear claims adjudicated by state courts, even if the claims are constitutional. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3472 (U.S. Jan. 20, 1998) (No. 97-859); Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 228 (4th Cir. 1997). Lower federal courts cannot sit in direct review of final state court decisions. See Feldman, 460 U.S. at 482-84 n.16; Jordahl, 122 F.3d at 199. The Rooker-Feldman doctrine divests a district court of jurisdiction where "entertaining the federal claim should be the equivalent of an appellate review of [the state court] order." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). Furthermore, the Rooker-Feldman doctrine precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts. Id.

If Uran wished to further contest the Circuit Court of Loudoun County's ruling on personal jurisdiction and subsequent default judgment, his remedy was to appeal that decision to the proper state court. This court is without jurisdiction to redress his claim. See Jordahl, 122 F.3d at 199. Further, as noted by the district court, because Uran attempts to overturn a final decision of another court raising the same issues that were raised or could have been raised in that previous action, he is res judicata barred in any event. The doctrine of res judicata is designed to foreclose collateral attack such as is attempted here and to ensure the integrity of judgments rendered by courts of competent jurisdiction. See Angel v. Bullington, 330 U.S. 183, 189-90 (1947). The doctrine applies to default judgments. See Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 523-26 (1931) (upholding a Missouri state court final default judgment with no appeal). Also, the principles of res judicata apply to jurisdictional issues. See American Sur. Co. v. Baldwin, 287 U.S. 156, 166 (1932); see also Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n, 455 U.S. 691, 706 (1982).

Accordingly, we affirm the order of the district court. We deny as moot Uran's motion to strike Nelson's brief and Nelson's motion for reconsideration of the denial of her motion for addendum. We dis-

3

pense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED[2]

_____

[2] We note in passing that there are no facts in this case essentially different from those in <u>Fleming v. Moore</u>, 780 F.2d 438 (4th Cir. 1985), in which we declined to review under 42 U.S.C.A. § 1983 the judgment of a state court.

4