**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:  MICHAEL R. READ, also
known as Michael Read, also known
as Mike Read,

Debtor,

MICHAEL R. READ

Appellant,

v.

SHAWNA K. DUNN; SHANNON
DAVIS,

Appellees.

No. 99-5226
(D.C. No. 98-CV-887-BU)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Appellant Michael R. Read appeals from an order of the district court affirming a decision of the bankruptcy court that upholds a state court order for Read to pay child support to his ex-wife, appellee Shawna K. Dunn, and attorney's fees and costs to her attorney, appellee Shannon Davis.  Read argues that the bankruptcy court should not have given full faith and credit to the default judgment entered against him in the state divorce proceeding because the notice by publication Dunn used for service was insufficient to vest the state court with personal jurisdiction over him.  We have jurisdiction under 28 U.S.C. § 1291.

The following relevant facts appear in the record.  Read and Dunn were married in 1987.  One child, Alicia, was born during the marriage.  Read and Dunn separated in 1988, and Read moved to New Jersey in 1989.     See Appellant's App. at 18.  Dunn remained in Oklahoma, filing for divorce in February 1990.  Although she had Read's last known address in Oklahoma, she sought and received court permission to serve the divorce petition upon Read by publication.  See id. at 6, 9.  He did not answer it.  The state court entered a default judgment against Read on April 30, 1990, ordering him to pay Dunn $403.20 per month in child support.  Dunn filed a contempt proceeding in state court in December 1996 to enforce the judgment, after Read moved back to Oklahoma.  Read entered a

special appearance for the purpose of contesting the state court's jurisdiction. He then filed a petition to vacate the divorce decree, arguing that he was never properly served in the divorce action and that the state court had no jurisdiction to enter a default judgment against him. The state court held in May 1997 that Read was properly served under state law and the divorce decree was valid, and ordered Read to pay Dunn $403.20 per month in child support, $32,659.20 in unpaid child support, $11,528.33 in interest, and $4,000.00 in attorney's fees and costs. See id. at 25-27; Appellee's Supp'l App. at 40-41, 43. The Oklahoma Court of Civil Appeals considered Read's appeal on the merits and rejected it in a memorandum opinion. See Appellant's App. at 29-34. The Oklahoma Supreme Court denied certiorari. See id. at 35.

Read then filed the underlying bankruptcy petition. He initiated this adversary proceeding, seeking to block enforcement of the state court orders for child support, interest, and attorney's fees in his bankruptcy plan. See id. at 36. On cross-motions for summary judgment, the bankruptcy court determined, based on Oklahoma law, that Read had a full and fair opportunity to litigate the alleged jurisdictional defects in the state courts and was collaterally estopped from raising the same issues again in the bankruptcy proceeding. See id. at 113-16. The bankruptcy court further concluded that Oklahoma laws providing for notice by publication are constitutional. See id. at 116-17. Accordingly, the bankruptcy

court denied Read's motion for summary judgment and granted Dunn's cross-motion for summary judgment. See id. at 121. The district court adopted the magistrate judge's recommendation that the bankruptcy court's decision be affirmed, see id. at 150-59, and rejected Read's petition for rehearing, see id. at 164.

Read argues on appeal that: (1) notice by publication is a per se denial of due process; (2) the state court judgment is void on its face and therefore may be collaterally attacked in the bankruptcy proceeding; and (3) he is not barred from raising new arguments for the first time on appeal to the district court because his new arguments concern matters of subject matter jurisdiction.

We find no error. Under the Full Faith and Credit Act, federal courts generally should respect state court judgments. See 28 U.S.C. § 1738; Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996). In deciding whether the state court's judgment challenged here is entitled to preclusive effect, we determine only whether it: (1) was entitled to preclusive effect under Oklahoma law, see Fox v. Maulding, 112 F.3d 453, 456 (10th Cir. 1997); and (2) satisfied minimum standards of federal due process, see Kremer v. Chemical Constr. Corp., 456 U.S. 461, 482 (1982). Read does not argue that the state divorce decree was not entitled to preclusive effect under state law. Rather, he argues that it did not comport with federal due process requirements. We disagree.

The Supreme Court has "not hesitated to approve of resort to publication as a customary substitute in [any] class of cases where it is not reasonably possible or practicable to give more adequate warning." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950). In the case of a missing person, notice by publication "creates no constitutional bar to a final decree foreclosing [the missing party's] rights." Id. A due process violation arises when notice is not "'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795 (1983) (quoting Mullane, 339 U.S. at 314). If Read's address had been known to Dunn, see id., or "could have been ascertained by reasonably diligent efforts" by Dunn, id. at 798 n.4, notice by publication would not have been sufficient. Read does not argue that was the case here.

The state court's divorce decree is not void for lack of personal or subject matter jurisdiction unless the defect appears on the face of the record. See Dana P. v. State, 656 P.2d 253, 256 (Okla. 1982). Dunn stated in her divorce petition that she had had no contact with Read since June 1988 and that, despite exercising due diligence, she had been unable to determine Read's whereabouts. See Appellant's App. at 6 ¶ 8. Nothing in the record disputes this assertion. Thus, the divorce decree, on its face, falls within the constitutional parameters for

notice by publication established in Mullane and Mennonite Board of Missions, and is entitled to full faith and credit in the federal courts. See Kremer, 456 U.S. at 481; cf. Jackson v. Vance, 179 F.2d 154, 158 (10th Cir. 1949) (holding that judgment void on its face is legal nullity and not res judicata).

Read has presented no authority holding that he may challenge a state court's subject matter jurisdiction for the first time in collateral federal proceedings. Indeed, his argument contradicts the holding of the Supreme Court that "[t]he principles of res judicata apply to questions of jurisdiction as well as to other issues." American Surety Co. v. Baldwin, 287 U.S. 156, 166 (1932). The state courts adjudicated Read's personal jurisdictional issues, finding them without merit; he "cannot escape the effect of the adjudication there." Id. at 165. In addition, he is barred from raising new challenges to the state court's subject matter jurisdiction for the first time in the district court. Read's argument that he should have been allowed to contest the state court's jurisdiction before entry of the divorce decree is also without merit. "Due process requires that there be an

opportunity to present every available defense; but it need not be before the entry

of judgment." Id. at 168.

AFFIRMED.


Entered for the Court


Deanell Reece Tacha
Circuit Judge