## VILES v. PRUDENTIAL INS. CO. OF AMERICA.

### No. 10920.

Circuit Court of Appeals, Ninth Circuit.

Sept. 13, 1945.

Rehearing Denied Oct. 22, 1945.

Edmond L. Viles, in pro. per., for appellant.

F. J. McKevitt and Harold E. Fraser, both of Spokane, Wash., for appellee.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a summary judgment dismissing a complaint seeking a declaratory judgment that appellant was "totally and permanently" disabled, as a result of an impairment of his eyesight, as that

phrase is used in a policy of insurance issued to him by appellee insurance company in 1927 and covering such disability. The appellee pleaded below that there had been prior adjudications of the same contention as that upon which appellant sought this declaratory judgment, and the summary judgment below was granted because of such prior adjudication.

It appears from the record that appellant filed a suit against appellee to recover for such a claimed disability in the state court of Jefferson County, Colorado. This suit, called the first suit, was removed to the United States District Court for the District of Colorado, in which on demurrer a judgment against him was rendered. On appeal to the United States Circuit Court of Appeals for the Tenth Circuit the judgment was reversed. Viles v. Prudential Insurance Co., 96 F.2d 3. On the remand the case was tried and decision rendered adversely to him on the merits of his claim to recovery on the policy. Thereafter an appeal was taken to the tenth circuit court of appeals which affirmed the judgment against appellant. Viles v. Prudential Insurance Co., 10 Cir., 107 F.2d 696, certiorari denied 308 U.S. 626, 60 S.Ct. 387, 84 L.Ed. 523.

Appellant now claims he was denied the right of trial by jury at the trial from which the second appeal was taken, because the trial was in equity and not on the law side of the court, and hence that the judgment made final on the second appeal is void on the face of the record.

However, appellant filed a second suit on the same cause of action in the Colorado state court, which was removed to the United States District Court for the District of Colorado. That court dismissed this second suit on the ground that the judgment in the first suit was res judicata of the claim of the second. It thereby disposed, rightly or wrongly, of the question implicit in the second case, that the prior adjudication was void for any reason appearing on the face of the record therein.

 Thereupon appellant again appealed to the circuit court of appeals for the tenth circuit. On that last appeal appellant urged lack of jurisdiction of the decision in the prior case because tried on the equity side of court and hence without a jury, when in fact it should have been tried at law where he would have had his jury— that is, the same absence of jurisdiction here asserted. The circuit court of appeals decided this jurisdictional question adversely to him. 124 F.2d 78, certiorari denied 315 U.S. 816, 817, 62 S.Ct. 906, 86 L.Ed. 1214. Since the jurisdiction for a prior judgment is a judicial question to be determined as any other question in a litigation concerning the effect of a prior adjudication (Treinies v. Sunshine Mining Co., 308 U.S. 66, 78, 60 S.Ct. 44, 84 L.Ed. 85; American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298) the contention of absence of jurisdiction in the first case urged here by appellant became res judicata against him by the decision of the circuit court of appeals for the tenth circuit in the second case. The court below properly dismissed the present suit, because the United States District Court for the District of Colorado had adjudicated the merits of his claim against appellee in the first case of which the court there had jurisdiction.

It is therefore unnecessary to consider any of the other contentions of the appellee such as the applicability of the statute of limitations or the doctrine of laches. The judgment is affirmed.