## STEGMAN v. KNUDSEN.

### No. 11050.

Circuit Court of Appeals, Ninth Circuit.

Jan. 9, 1946.

Rehearing Denied Feb. 12, 1946.

872

Rupert B. Turnbull, of Los Angeles, Cal., for appellant.

George Acret, of Los Angeles, Cal., for appellee.

Before DENMAN, BONE, and ORR, Circuit Judges.

ORR, Circuit Judge.

In 1942 appellant, to whom we shall hereinafter refer as Stegman, filed a petition in bankruptcy against appellee, hereinafter referred to as Knudsen, in the District Court for the Southern District of California. Knudsen answered and denied that Stegman was a creditor. He cross-petitioned and asked that the court declare that the claims of Stegman were discharged in a former bankruptcy proceeding (No. 34,-989-C) instituted by Knudsen, and also asked for injunctive relief. The district court granted Knudsen the relief asked in his cross-petition. Stegman has appealed.

The litigation between Stegman and Knudsen has been rather extensive and involved. In order to avoid confusion, we make reference to the several cases involved so they may be distinguished as they are referred to in this opinion.

There were three proceedings had in the Superior Court of California. In suit No. 1, which will be referred to as No. 363,482, a Mrs. Rozel Brown secured a default judgment against Knudsen on a promissory note and for money loaned. In 1938 this judgment was assigned to Stegman. In 1939 Stegman sued on this judgment and it was renewed. Knudsen made no appearance therein. This proceeding will be referred to as No. 432,034. The third proceeding in the state court will be referred to as No. 432,034 (2d).

Two separate suits in bankruptcy were filed—No. 1 by Knudsen in October 1939, No. 2 by Stegman in 1942. These will be referred to, respectively, as the 1939 (34,-989-C) and 1942 (41,581-PH) bankruptcy proceedings.

In the 1939 bankruptcy proceeding, Stegman filed a creditor's claim for "money had and obtained by the bankrupt by fraud, misrepresentation and false pretenses, from claimant's assignor, Rozel Brown," and he attached a copy of his judgment in No. 432,034. The claim was allowed without objection or protest from Knudsen, and a small dividend of approximately $16 was paid Stegman. Knudsen received a general discharge in the 1939 bankruptcy proceeding from all debts except such debts as are nondischargeable under the bankruptcy statute, the pertinent portion of which appears in the footnote.[1]

In 1941 Stegman took out a writ of execution in the California Superior Court on his judgment [No. 432,034 (2d)]. Knudsen initiated proceedings under Section 675b of the California Code of Civil Procedure to cancel the judgment rendered in case No. 432,034, to stay the execution of said judgment, to enjoin Stegman from collecting said judgment, and to recall the execution. These motions were based by Knudsen on his discharge in the 1939 bankruptcy proceeding. The matter was tried on affidavits.

The state court on April 21, 1941, denied the motions made by Knudsen in case No. 432,034 (2d). On May 14, 1941, Knudsen appealed.

In June 1941 Knudsen appeared in the United States District Court for the Southern District of California, and presented a supplemental petition in the 1939 bankruptcy, seeking to enjoin Stegman from further prosecuting his judgment in No. 432,034, or from levying execution thereon, on the

---

1 "§ 35. Debts not affected by a discharge.

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts. * * * except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations * * *." As amended June 22, 1938, c. 575, § 1, 52 Stat. 851, 11 U.S.C.A. § 35.

ground that the discharge in the 1939 bankruptcy had canceled the debt represented by said judgment, and also alleged the refusal of the state court to grant such relief.

The district court referred the case to a referee who, over the objections of both sides, took evidence as to the original fraud. The referee then filed a memorandum of decision holding that Knudsen and his partner had obtained the money from Mrs. Rözel Brown by false pretenses and false representations, but that laches barred Mrs. Brown or Stegman, her assignee, from collecting the debt, and therefore Stegman's claim had been discharged in the 1939 bankruptcy proceeding.

The referee informed Knudsen that if he did not dismiss his appeal from the order made in No. 432,034 (2d), he, the referee, would dismiss the proceeding before him with prejudice. Knudsen dismissed said appeal and the referee allowed him a permanent injunction enjoining Stegman or Mrs. Brown from proceeding any further to collect judgment in either case No. 363,482 or No. 432,034.

Stegman then petitioned the district court for review of the referee's order and, in July 1942, United States District Judge Cosgrave dissolved the referee's order, holding that the state court's order of April 21, 1941, to the effect that the liability, which was the basis of Stegman's judgment in No. 432,034, was a non-dischargeable debt, was binding on the district court; that said decision of the state court was a final judgment; that the state court had full jurisdiction of the parties and the subject matter, and that it was the proper tribunal to test the dischargeability of the debt, and further held that Stegman was not guilty of laches since he had asserted the fraud

in the 1939 bankruptcy proceeding, which was the first time it became important for him to do so.

Knudsen did not appeal from Judge Cosgrave's decision.

The district court in the instant case (No. 41,581-PH, the 1942 bankruptcy proceeding) held that neither the state court decision nor Judge Cosgrave's decision was binding on it since both contained "extrinsic mistakes of fact."

Stegman contends, among other things, that both the state court and Judge Cosgrave's decisions are final judgments and res judicata. In this connection, we first consider Judge Cosgrave's decision.

■ In the proceeding in which that decision was rendered, the court had jurisdiction to "secure or preserve the fruits and advantages of a judgment or decree rendered therein [a federal equity court]"[2] since "courts of bankruptcy are essentially courts of equity."[3]

■ The court having jurisdiction of the parties and subject matter decided that the state court had jurisdiction to determine the dischargeability of Stegman's judgment in No. 432,034, despite Knudsen's discharge in bankruptcy; that the state court had denied him the relief prayed for; that the order of the state court had become final and must be so regarded. This decision may or may not have been erroneous.[4] We express no opinion thereon. However, Knudsen did not avail himself of his remedy by appeal. Hence, Judge Cosgrave's decision also became final and is res judicata here.[5]

We find nothing in the record which would justify any criticism of counsel for Stegman.

Reversed.

---

[2] Local Loan Co. v. Hunt, 292 U.S. 234, 239, 54 S.Ct. 695, 697, 78 L.Ed. 1230, 93 A.L.R. 195.

[3] Local Loan Co. v. Hunt, supra, 292 U.S. at page 240, 54 S.Ct. at page 697, 78 L.Ed. 1230, 93 A.L.R. 195.

[4] Cf. Pepper v. Litton, 308 U.S. 295, 302, 60 S.Ct. 238, 84 L.Ed. 281.

[5] Treinies v. Sunshine Mining Co., 308 U.S. 66, 78, 60 S.Ct. 44, 84 L.Ed. 85. See, also, Viles v. Prudential Insurance Company of America, 9 Cir., 151 F.2d 99, 100.