Ronald L. FRAMPTON, Petitioner,

v.

DEPARTMENT OF the INTERIOR, Respondent.

Appeal No. 86–1094.

United States Court of Appeals, Federal Circuit.

Feb. 17, 1987.

Charles O. Fisher, Jr., Walsh and Fisher, Westminster, Md., argued for petitioner.

Michael T. Paul, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. Richard K. Willard, Asst. Atty. Gen., and David M. Cohen, Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., appeared on brief, for respondent.

Before SMITH, Circuit Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.

## ORDER

COWEN, Senior Circuit Judge.

After 19 years of Government service, petitioner was removed from his position of Labor Relations Specialist in the Bureau of Indian Affairs (BIA or agency) for unsatisfactory work performance in two critical elements of his position. Following an adverse decision by the presiding official of the Merit Systems Protection Board (MSPB or Board), petitioner sought review by the full Board. That review was denied and petitioner has appealed the decision of the full Board. 29 M.S.P.R. 698.

We conclude as a matter of law that the presiding official violated petitioner's right to the fair and impartial hearing which is guaranteed by 5 U.S.C. § 7701 and the pertinent regulation, 5 C.F.R. § 1201.41(b) (1985).[1]

Therefore, we vacate the MSPB decision and remand the case with instructions that petitioner be granted an additional hearing

---

1. 5 C.F.R. § 1201.41(b) provides that the presiding official shall conduct a fair and impartial hearing and take all necessary action to avoid delay in the disposition of all proceedings.

and allowed to complete the presentation of his relevant evidence.

*Long v. Department of Transportation,* 17 M.S.P.R. 384, 386 (1983).

## I.

Although petitioner has raised several issues in this appeal, we find that his only meritorious contention is that he was denied the right to a fair and impartial hearing. Petitioner asserts that the presentation of his testimony regarding the agency's prohibited personnel practices was arbitrarily and capriciously cut off by the presiding official, whereas the agency was afforded ample opportunity to present its case.

The standard for appellate review of MSPB decisions is set forth in 5 U.S.C. § 7703(c):

[T]he court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—

1. arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

2. obtained without procedures required by law, rule or regulation having been followed; or

3. unsupported by substantial evidence.

The MSPB has held that an employee's statutory right to a full and fair hearing includes the following:

[An] appellant under 5 U.S.C. § 7701 has a statutory right to a hearing. Inherent in this right to a hearing is the right of appellant to testify and present witnesses in support of his or her contentions. *Interstate Commerce Commission v. Louisville & Nashville R. Co.,* 227 U.S. 88, 33 S.Ct. 185, 57 L.Ed. 431 (1913); *Londoner v. Denver,* 210 U.S. 373, 386, 28 S.Ct. 708, 714, 52 L.Ed. 1103 (1908); *Sanislo v. Department of Transportation,* 15 M.S.P.R. 576 (1983). * * * Also inherent in appellant's right to a hearing is the right to present every available defense. *American Surety Company v. Baldwin,* 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932); *Sanislo, supra.*

## II.

During the testimony of the agency's first witness, the presiding official announced that he was going to conclude the hearing in 2 days. There is nothing in the record to indicate that in pre-hearing proceedings, the parties had estimated that the presentation of their evidence could be finished in 2 days. Consequently, we find that the presiding official's determination to end the hearing in 2 days was arbitrary. As hereinafter shown, the presiding official pursued that determination in subsequent proceedings and thereby abused his discretion by denying petitioner the opportunity to complete the presentation of his testimony.

The agency's presentation consumed 1½ days; it included the testimony of 8 witnesses, the offering of 27 exhibits, and a hearing file containing 23 documentary items. The petitioner presented 6 witnesses, including himself, and a number of documentary exhibits. The hearing of petitioner's evidence began after lunch on September 6, 1985, the second day of the hearing. At the close of that day's proceeding, the hearing was continued to September 10, 1985. About 2 hours into that third day of the hearing, the presiding official informed petitioner's attorney that he had 15 minutes to complete his evidence. A few minutes later, the presiding official advised petitioner's attorney "you have 5 minutes to wrap this up." At that point, petitioner's attorney stated that the agency's witnesses had produced evidence covering a 4-year period, thereby implying that he had the right to cover the same period with petitioner's evidence. The presiding official stated that the record would note the comments of the attorney, but that he would have only "5 minutes to wrap it up."

Following the cross-examination of petitioner on September 10, petitioner's attorney asked for permission to question his client. The presiding official refused the

request, stating: "I will not allow you any re-direct."

### III.

■ A fair hearing for employees who appeal to the MSPB from agency decisions is the basic cornerstone of employee rights. Under the statutory scheme, the hearing before the presiding official of the MSPB is the only opportunity which a discharged employee or one subjected to an adverse personnel action has to a *de novo* trial before an impartial judge. *See* 5 U.S.C. §§ 7701, 7703. This is so because the scope of judicial review is severely limited by the language of the statute. *See* 5 U.S.C. § 7703(c)(3). Many of these cases turn on findings of fact made by the presiding official on the basis of conflicting evidence. Consequently, his findings of fact result in the affirmance of MSPB decisions in all cases where the court finds that only factual issues are involved and that such findings are supported by substantial evidence.

■ Under 5 C.F.R. § 1201.41(b)(9), presiding officials have the authority to exclude truly irrelevant or overly repetitious testimony. *Perkins v. Veterans Administration,* 21 M.S.P.R. 58, 60 (1984). However, they should scrupulously avoid rulings which deny employees the fair and impartial trial guaranteed to them by the statute and regulation. When, as in this case, a presiding official cuts off an employee's attempt to present his testimony, supporting evidence, or defenses, the presiding official risks reversal of his decision. The Board has not hesitated to take such action in appropriate cases. *See id.; Powers v. Department of Health, Education and Welfare,* 3 MSPB 424 (1980).

### IV.

The right to a hearing before the Board was granted to employees by Congress in the Civil Service Reform Act of 1978, 5 U.S.C. § 7701(a)(1) (1982). As this court pointed out in *Callahan v. Department of the Navy,* 748 F.2d 1556, 1558 (Fed.Cir. 1984), Congress included the provision on hearings in that portion of the Act "in order to protect the right [sic] of employees" and to guarantee "a full and fair consideration of their case," citing S.Rep. No. 969, 95th Cong., 2d Sess. 51, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2773.

■ As previously stated, one of petitioner's principal defenses is that his termination was due to prohibited personnel practices on the part of his supervisor rather than to his unsatisfactory work performance as charged by his agency. Since petitioner was summarily prohibited from completing the presentation of his evidence on this issue, he was effectively denied the right to the full and fair hearing envisioned in the Board's decision in *Long v. Department of Transportation,* 17 M.S.P.R. at 386.

"[T]he right to be heard where one's interests are acutely affected by the actions of an administrative agency" is of cardinal importance. *National Broadcasting Co. v. Federal Communications Commission,* 362 F.2d 946, 953 (D.C.Cir.1966). The denial of petitioner's substantial rights in this case cannot be regarded as a harmless procedural error.

In *Naekel v. Department of Transportation,* 21 M.S.P.R. 11 (1984), the Board dealt with a situation similar to that in this case.[2] There the presiding official granted the agency's motion for judgment and denied the employee the opportunity to testify that his removal constituted a prohibited personnel practice because of the bias and partiality of his supervisor, who was the proposing and deciding official. In vacating the decision of the presiding official

---

**2.** Although they do not affect the issue decided in this case, there were subsequent proceedings in Naekel's case. After the rehearing, the Board sustained Naekel's removal. *Naekel v. Department of Transportation,* 27 M.S.P.R. 496 (1986) (table). However, on appeal to this court, that latter decision was reversed and the court held that Naekel was entitled to reinstatement with full benefits 782 F.2d 975, 982 (Fed.Cir.1986).

and ordering a new hearing, the Board declared that:

> such a limitation on appellant's right to testify and defend against an agency action would render nugatory the right of appellant to a meaningful hearing pursuant to 5 U.S.C. § 7701(a) and § 1205(a)(1) of the Civil Service Reform Act of 1978, and our implementing regulations at 5 C.F.R. § 1201.24(c).

*Id.* at 14.

While petitioner may not have as strong a case as the appellant in *Naekel*, we find that the facts before us justify the same result here. Consequently, we hold as the Board held in the cited cases, that the MSPB decision must be vacated and the case remanded with instructions to grant petitioner an additional hearing.

### V.

Although we are remanding the case to the Board, we find it necessary to call attention to the fact that petitioner and his attorney were not without fault in the presentation of petitioner's case before the presiding official. Our review of the transcript shows that at times the testimony elicited from petitioner was repetitive and that many of his answers were rambling and unresponsive to the questions propounded to him. Also, it appears from the record that petitioner's attorney did not make adequate preparation in advance of the hearing regarding the evidence he intended to offer. It may well be that these incidents caused the presiding official to lose patience and to stop the petitioner's testimony. Therefore, at the additional hearing held in accordance with this order, the petitioner is strongly cautioned that when questions are propounded to him, his answers should be succinct and directly responsive to the questions, avoiding the narration of irrelevant matters. It will also be the responsibility of petitioner's attorney to prepare his case in advance of the additional hearing and to avoid burdening the presiding official with irrelevant testimony or repetitive evidence.

### CONCLUSION

For the reasons stated, it is ordered that the decision of the MSPB is vacated pursuant to 5 U.S.C. § 7703(c)(2), and the case is remanded to the Board with instructions that the presiding official shall hold an additional hearing, at which time petitioner shall be allowed to finish the presentation of relevant testimony. Petitioner's attorney shall also have the right to conduct the re-direct questioning of his client with respect to the evidence elicited by the Government in its cross-examination of petitioner at the previous hearing.