824 F.2d 978
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edmond C. WYBAILLIE, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 Appeal No. 86-1535.
 United States Court of Appeals, Federal Circuit.
 May 11, 1987.
 
 Before DAVIS, Circuit Judge, MILLER, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board) sustaining the demotion of petitioner Edmond C. Wybaillie by the Department of Health and Human Services (agency) is affirmed.
 
 OPINION
 
 2
 Petitioner was demoted from his position as a Supervisory Criminal Investigator (GM 14) in the agency's San Francisco Office to a non-supervisory position as a Criminal Investigator (GS 13). He was charged with three counts of abuse of office, three counts of abusive and discourteous conduct, and insubordination. The presiding official sustained the demotion and the charges, with the exception of two counts of abuse of office. The full board declined review.
 
 
 3
 Petitioner asserts that the presiding official erred in denying him certain discovery and preventing him from calling certain witnesses on the basis that such evidence and testimony were irrelevant, immaterial and/or unduly repetitious. He also contends that he was prevented from presenting certain testimony and exhibits during the hearing. The content of the documentary evidence and testimony sought to be produced and presented at the hearing would have related primarily to the origin of the investigation that led to the charges against petitioner and not to the merits of those charges.
 
 
 4
 The presiding official addressed specifically the petitioner's defense of undue influence claimed to result from the referral by the U.S. Attorney's office to the agency of complaints about petitioner's actions and the allegation that the agency had "predetermined" its action against him. The presiding official found that the proposing official and the deciding official credibly testified that they were not influenced by and had virtually no contact with the U.S. Attorney's office. He concluded that petitioner had not been denied any procedural rights because of the concern of the U.S. Attorney's office about the complaints against petitioner.
 
 
 5
 After considering all of petitioner's arguments, we are unable to conclude that the presiding official's determination that the evidence was irrelevant, immaterial or unduly repetitious was erroneous or that his procedural rulings were arbitrary or an abuse of discretion. See 5 U.S.C. Sec. 7703(c); 5 C.F.R. Sec. 1201.62. We are convinced that petitioner was not denied any substantial rights resulting in harmful error. Cf. Frampton v. Department of Interior, 811 F.2d 1486, 1489 (Fed.Cir.1987).
 
 
 6
 Accordingly, we affirm on the basis of the detailed and thorough opinion of the presiding official. The decision was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).