871 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Otto L. JAHN, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 88-3358.
 United States Court of Appeals, Federal Circuit.
 March 27, 1989.
 
 Before MARKEY, Chief Judge, EDWARD S. SMITH and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Dr. Otto L. Jahn seeks review of the decision of the Merit Systems Protection Board (MSPB), Docket No. DC07528710340, which sustained his removal from the Department of Agriculture. We vacate and remand.
 
 OPINION
 
 2
 Jahn was removed from his position as a Horticulturist at the Agriculture Research Service (ARS) in Washington, D.C., based on his refusal to report to that duty station after being reassigned from Corvalis, Oregon.
 
 
 3
 In Jahn's appeal to the MSPB, the administrative judge (AJ) made preliminary rulings on witnesses and venue. Two of Jahn's principal witnesses were precluded from testifying even though their proffered testimony appears relevant to his contention that the reassignment was not made "to take full advantage of [his] expertise," but was a pretext for removal. The excluded testimony would have been directed to the issue of whether the agency's decision to reassign him served a horticultural purpose. Since this was all of Jahn's technical evidence, it cannot be said to be repetitious of other evidence offered by him. While the AJ had authority to exclude truly repetitious or overly repetitious testimony, he was obligated to "scrupulously avoid rulings which deny employees the fair and impartial trial guaranteed to them by the statute and regulation." Frampton v. Department of Interior, 811 F.2d 1486, 1489 (Fed.Cir.1987). We are convinced that the AJ abused his discretion in excluding petitioner's technical witnesses.
 
 
 4
 As to the denial of Jahn's request for a change of venue nearer to his Oregon residence, the AJ relied on certain of the factors set forth in Pope v. Department of Transp., 10 MSPB 645 (1982), primarily those involving the convenience of, and expense to, the parties, the counsel and the witnesses. However, if the other witnesses had been allowed to testify, the same factors might well have indicated that the requested venue change should have been granted. In the case of a transfer across the country, considerations of convenience and expenses for the employee and his witnesses should weigh heavily.
 
 
 5
 In the circumstances, Jahn was denied a full and fair hearing and the opportunity to fully present his case. We therefore vacate the decision of the MSPB and remand for a new hearing, including reconsideration of venue.
 
 COSTS
 
 6
 Each party shall bear its own costs.