**Ronald L. FRAMPTON, Petitioner,**

v.

**DEPARTMENT OF THE INTERIOR, Respondent.**

No. 89–3023.

United States Court of Appeals, Federal Circuit.

July 27, 1989.

Charles O. Fisher, Jr., Walsh & Fisher, Westminster, Md., argued for petitioner.

Jon A. Stewart, Dept. of Justice, of Washington, D.C., argued for respondent. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director. Also on the brief was Robert H. Moll, Office of the Sol., Dept. of the Interior, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, NEWMAN, and MICHEL, Circuit Judges.

MARKEY, Chief Judge.

Ronald L. Frampton (Frampton) appeals from the decision of the Merit Systems Protection Board (board), Docket No. DC04328510371–1, affirming his removal from employment with the Department of the Interior for unacceptable performance. We affirm.

*Background*

Revisited here is the removal of Frampton as a Labor Relations Specialist in the Bureau of Indian Affairs (BIA or agency). This court vacated the earlier decision of the board, holding that Frampton had been denied the fair hearing required by 5 U.S. C. § 7701(a)(1)(1982), and remanding "with instructions that the presiding official shall hold an additional hearing, at which time petitioner shall be allowed to finish the presentation of relevant testimony." *Frampton v. Department of Interior*, 811 F.2d 1486, 1490 (Fed.Cir.1987) (*Frampton I*). Familiarity with that previous opinion is presumed.

On remand, the official who earlier presided being unavailable, the case was assigned to Administrative Judge Clancy, who denied Frampton's motion for a hearing of the entire case *de novo* and conducted a hearing solely on whether the BIA engaged in prohibited personnel practices. Judge Clancy found that Frampton did not meet his burden of proof on his claim that his supervisor, John G. Combs, Chief, Branch of Employee and Labor Relations, improperly considered Frampton's arrest record in violation of 5 U.S.C. § 2302(b)(10). Judge Clancy also rejected Frampton's claim that his removal violated 5 U.S.C. §§ 2302(b)(8) and 2302(b)(9) because it was in reprisal for grievances filed in 1982, 1984, and 1985, concluding that Mr. Frampton's removal was not retaliatory, but was legitimately based upon unacceptable performance.

*Issues*

1. Whether the board erred in denying Frampton's request for a *de novo* hearing of the entire case.

2. Whether the board erred in determining that the BIA did not engage in prohibited personnel practices.

## Opinion

We review the board's action to determine whether it was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, obtained without procedures required by law, rule or regulation, or unsupported by substantial evidence. 5 U.S.C. § 7703(c). *See Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984)

### 1. De Novo Hearing

█ Conceding that a hearing of the entire case *de novo* would be unwarranted if the case had been returned to the official who earlier presided, Frampton argues that a total new hearing is required when a new official is presiding. Frampton says Judge Clancy cannot credit testimony adduced at the first hearing because he did not observe the witnesses' demeanor.

In its earlier opinion, this court directed the board to "hold an *additional* hearing, at which time petitioner shall be allowed to *finish* the presentation of relevant testimony." *Frampton I*, 811 F.2d 1486, 1491 (Fed.Cir.1987) (emphasis supplied). The only fault found with the initial hearing was that it was cut short. Thus, this court called for a hearing which would supplement, and not substitute for, the initial hearing. We cannot say, therefore, that the board abused its procedural discretion in deciding to resume the hearing at its point of premature termination.

In *Frampton I*, we pointed out that " '[t]he right to be heard where one's interests are acutely affected by the actions of an administrative agency' is of cardinal importance." *Frampton I*, 811 F.2d at 1489, (quoting *National Broadcasting Co. v. Federal Communications Commission*, 362 F.2d 946, 953 (D.C.Cir.1966)). However, "[h]aving recognized the importance of the right to be heard, the question, for our purposes, becomes: Has [petitioner] been accorded this right to the fullness of

degree required by justice and the law?" *NBC*, 362 F.2d at 953.

The right to a hearing before the MSPB was included in the Civil Service Reform Act (CSRA):

to make it absolutely clear that an employee would receive a full evidentiary hearing in any case where there is a dispute as to any genuine and material issue of fact—that is, a dispute as to facts which must be resolved before a decision can be reached, and which may be most appropriately considered and resolved through the traditional adjudicatory methods used in evidentiary hearings. This would include instances, for example, where oral testimony and cross-examination is the best way to test the credibility of the witnesses. The bill was amended by the Committee to specifically provide that in such cases an evidentiary hearing should include the traditional right of cross-examination.

S.Rep. No. 969, 95th Cong.2d Sess. 54, *reprinted in* 1978 U.S.Code Cong. & Admin. News 2723, 2776. In conformity with the above-expressed congressional objectives, Frampton had the opportunity in the initial hearing to present oral testimony and cross-examine the government's witnesses on all matters except a portion of the evidence relating to his allegation of prohibited personnel practices. Thus, Frampton initially received a hearing to the "fullness of degree required by justice and the law," *NBC* 362 F.2d at 953, save for presentation of some additional evidence on that allegation.

Regarding the testimony and evidence at the initial hearing, Frampton does not suggest that he received anything less than the full and fair opportunity envisioned by Congress; nor does he argue for a *de novo* hearing because some findings made after the first hearing were unsupported by substantial evidence or otherwise objectionable; nor does he challenge the credibility determinations of the first presiding official. He contends only that, regarding some of the evidence on the prohibited personnel practices issue, Judge Clancy did not make new credibility determinations in

respect of witnesses who testified at the earlier hearing. That supposed shortcoming does not command reversal of the decision now appealed from.

Judge Clancy reviewed the entire record of the proceedings in the initial hearing, including the written transcript, and listened to the tape recordings of that hearing. He was thus familiar with the entirety of the case and not just the presentation made to him. There is no requirement for observation of witnesses' demeanor, absent some showing of reason to question an earlier credibility determination. Hence, Frampton has shown no valid reason for requiring the board to "start all over."

> "[W]e do not believe that the [agency] should be required to write, as it were, on a *tabula rasa*.... It does not have to remain oblivious to all that has gone before or ignore its own earlier actions and the evidence which justified those actions."

*National Classification Committee v. United States*, 779 F.2d 687, 693 (D.C.Cir. 1985) (quoting *NBC*, 362 F.2d at 955); *Hanratty v. Department of Transportation*, 819 F.2d 286, 288 (Fed.Cir.1987) (board did not err in adopting findings of first initial decision by different presiding official).

### 2. Prohibited Personnel Practices

To prevail, Frampton must show, at least, that the adverse action complained of could have been retaliatory. *See Warren v. Department of Army*, 804 F.2d 654, 656–58 (Fed.Cir.1986).

Frampton's removal was proposed by his supervisor, Mr. Combs, and effected by Ms. Irene M. Fischer, Chief Personnel Officer. The board found that Mr. Combs' concern about Frampton's performance was genuine and not the product of personal animus. That finding is supported by substantial evidence of Frampton's numerous bungled assignments, some improperly completed, some untimely completed, and some never completed. At the hearing, Frampton neither showed nor even alleged that Ms. Fischer had a retaliatory motive.

Lastly, the board's finding that Mr. Frampton did not carry his burden of proof on the alleged improper consideration of his arrest record is supported by substantial evidence.

### Conclusion

The decision of the board is

AFFIRMED.