36 F.3d 1117
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert S. LITOFF, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 93-3573.
 United States Court of Appeals, Federal Circuit.
 Sept. 26, 1994.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 The Merit Systems Protection Board (Board) upheld the removal of Robert Litoff from his position as a Contract Specialist for the Department of the Air Force. Litoff v. Department of the Air Force, Dkt. No. DA-0752-93-0164-I-1 (M.S.P.B. May 6, 1993) (Litoff I ). This court reverses and remands for a lesser penalty.
 
 DISCUSSION
 
 2
 The Air Force employed Mr. Litoff at Kelly Air Force Base in Texas. He worked there for eleven years, receiving a Fully Successful rating in every year before the events precipitating his removal.
 
 
 3
 In December 1991, Mr. Litoff had a heated telephone conversation with his lawyer about a legal dispute. After ending the discussion, Mr. Litoff uttered obscenities about lawyers. On or about the same day, Mr. Litoff's supervisor attempted to counsel him concerning his use of obscenities in the workplace. Mr. Litoff left his supervisor's office without hearing the end of the reprimand. On January 10, Mr. Litoff received a Notice of Proposed Suspension of three days for insubordination. He served that suspension from March 9-11, 1992.
 
 
 4
 In March 1992, Mr. Litoff created a disturbance in the workplace when he became frustrated by the unavilability of a phone line that could call off-base. Mr. Litoff's supervisor recommended a suspension of fourteen days, which was later reduced to five days. Mr. Litoff served that suspension from July 20-25, 1992, for discourteous conduct.
 
 
 5
 On September 17, 1992, Mr. Litoff dropped a number of papers behind a copying machine. When seeking help in retrieving the papers, he referred to himself and a female coworker as too "fat" to fit into the narrow space. He also referred to another coworker as a "skinny broad." These comments deeply offended one coworker. On October 16, 1992, Mr. Litoff's supervisor issued a Notice of Proposed Removal for the use of rude and abusive language.
 
 
 6
 Three days later, Mr. Litoff met with his union steward. When she informed Mr. Litoff that it was not union policy to hire an attorney to defend employees, he stormed out of the meeting. Several hours later, Mr. Litoff returned to the steward's office and shouted at her. After two requests to exit the office, Mr. Litoff complied.
 
 
 7
 On October 28, 1992, the Notice of Proposed Removal was rescinded and a second notice was sent to Mr. Litoff. The new notice added the charge of making false, malicious, and threatening statements against the steward. On December 28, 1992, the Air Force removed Mr. Litoff from his position. He appealed the removal to the Board.
 
 
 8
 The Board upheld Mr. Litoff's removal. Litoff I. The Administrative Judge (AJ) found that Mr. Litoff had been "rude and abusive toward other agency employees, thereby disrupting and interfering with their production." Id., slip op. at 5. The AJ further found that Mr. Litoff had made "false, malicious, and threatening statements to another employee," and that the penalty of removal was "within the tolerable limits of reasonableness" because it would promote the efficiency of the service. Id. at 8, 10.
 
 
 9
 The Board denied Mr. Litoff's petition for review. Litoff v. Department of the Air Force, Dkt. No. DA0752930194I1, 1993 MSPB LEXIS 894 (M.S.P.B. Aug. 25, 1993). This appeal followed.
 
 
 10
 This court affirms Board decisions unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 11
 Both the agency and the Board relied on Mr. Litoff's prior disciplinary record in determining his penalty. An agency may rely on an appellant's disciplinary record when: "(1) the employee was informed of the prior action in writing; (2) the action is a matter of record; and (3) the employee was afforded an opportunity to dispute the disciplinary action to a higher level of authority." Crawford v. Department of Justice, 45 M.S.P.R. 234, 236 n. 1 (1990), citing Ballew v. Department of the Army, 36 M.S.P.R. 400, 403 (1988).
 
 
 12
 At the time of Mr. Litoff's removal, the Air Force had not fulfilled the third requirement. During his appeal to the Board, Mr. Litoff's five day suspension of July 1992 was still pending arbitration. The agency had nevertheless relied on the suspension in determining Mr. Litoff's penalty. The Board also considered it in affirming his removal. Litoff I, slip op. at 9-10. Where prior discipline is on appeal, the Board may only consider it in connection with a later charge if the AJ reviews the record and determines that the previous discipline was not clearly erroneous. Hubbard v. United States Postal Service, 32 M.S.P.R. 505, 508 (1987); Bolling v. Department of the Air Force, 9 M.S.P.R. 335, 339-40 (1981). The AJ made no such finding in this case. Therefore, the AJ did not follow lawful procedures in setting Mr. Litoff's penalty. The Board erred in sustaining this decision.
 
 
 13
 This error was not the only reversible flaw in this proceeding. This court has recognized that "[a] fair hearing for employees who appeal to the MSPB from agency decisions is the basic cornerstone of employee rights." Frampton v. Department of the Interior, 811 F.2d 1486, 1489 (Fed.Cir.1987). A crucial part of the hearing is the appellant's right to present witnesses on his behalf. See Long v. Department of Trans., 17 M.S.P.R. 384, 386 (1983) (holding that the right to present witnesses is inherent in the statutory right to a hearing). Yet the AJ excluded a half-dozen of Mr. Litoff's proposed character witnesses and denied his request for reconsideration of the exclusion.
 
 
 14
 While the AJ has the authority to exclude "truly irrelevant or overly repetitious testimony," he must simultaneously "avoid rulings which deny employees the fair and impartial trial guaranteed to them by the statute and regulation." Frampton, 811 F.2d at 1489. Mr. Litoff was charged with offenses directly related to his character. Therefore, character witnesses were integral to his appeal before the Board. The AJ abused his discretion in excluding these witnesses. With this case turning on character, the testimony of these people would have been neither irrelevant nor repetitious.
 
 
 15
 This court defers to an agency's selection of a penalty unless it is so disproportionate to the offense that it amounts to an abuse of discretion. Parker v. United States Postal Serv., 819 F.2d 1113, 1116 (Fed.Cir.1987). In this case, the agency initially based its decision to remove Mr. Litoff on offensive banter at a copying machine. The agency later amended its decision to include Mr. Litoff's angry reaction when rebuffed by his union steward.
 
 
 16
 The record shows no evidence of extensive disruption in the workplace resulting from any of the incidents that precipitated Mr. Litoff's removal. In addition, the events in question all took place scant months before the removal, after Mr. Litoff had given the agency eleven years of satisfactory service. These factors lead this court to conclude that the penalty of removal was excessive, and that the Board's affirmance was an abuse of discretion. The case is therefore remanded to the agency for the imposition of an appropriate, lesser penalty.