NEWMAN, Circuit Judge,
dissenting from the dismissal for lack of jurisdiction.
Ms. Bledsoe appealed to the Merit Systems Protection Board, requesting review of the Postal Service’s denial of her request for restoration to light duty service. The Board held a telephonic conference, requested evidence on the relevant factors, and upon consideration of the evidence and argument, and application of the prescribed standard of review, the Board concluded that the agency’s decision should be affirmed. The Board then, curiously, did not affirm the agency’s decision, but instead dismissed the appeal for lack of jurisdiction. This inapt and illogical resolution “obscures the issue,” as the Supreme Court remarked in Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006), counseling against “unrefined” jurisdictional rulings:
Judicial opinions, the Second Circuit incisively observed, “often obscure the issue by stating that the court is dismissing ‘for lack of jurisdiction’ when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim.” Da Silva [v. Kinsho International Corp.], 229 F.3d [358] at 361 [(2d Cir.2000) ]. We have described such unrefined dispositions as “drive-by jurisdictional rulings” that should be accorded “no precedential effect” on the question whether the federal court had authority to adjudicate the claim in suit. Steel Co. [v. Citizens for a Better Environment ], 523 U.S. [83] at 91, 118 S.Ct. 1003 [140 L.Ed.2d 210 (1998) ].
546 U.S. at 511, 126 S.Ct. 1235. As in Arbaugh, the issue here is not whether the Board had authority to adjudicate Ms. Bledsoe’s claim, but whether her claim was properly denied on the merits. As in Arbaugh, the dismissal of the claim as outside the Board’s jurisdiction “obscures the issue.” Id. The Board undoubtedly has jurisdiction to decide whether to sustain the agency’s denial of restoration, for the Board is assigned this jurisdiction by statute.
5 U.S.C. § 8151 provides certain restoration rights to employees who suffer on-the-job compensable injuries. 5 U.S.C. § 7701(a) provides that an employee has the right of appeal to the Board “from any action which is appealable to the Board under any law, rule, or regulation.” The Postal Service’s failure to restore a partially recovered employee is the subject of 5 *1107 C.F.R. § 1201.3, which explicitly provides for appeals to the Board from such agency action:
(a)Generally. The Board has jurisdiction over appeals from agency actions when the appeals are authorized by law, rule, or regulation. These include appeals from the following actions:
(12) Failure to restore, improper restoration of, or failure to return following a leave of absence an employee or former employee of an agency in the executive branch (including the U.S. Postal Service and the Postal Rate Commission) following partial or fall recovery from a compensable injury (5 CFR § 353.304)[.]
Regulation 5 C.F.R. § 353.304 in subsection (c) specifies the standard by which the agency’s refusal to restore a partially recovered employee is reviewed by the MSPB:
(a) Except as provided in paragraphs
(b) and (c) of this section, an injured employee or former employee of an agency in the executive branch (including the U.S. Postal Service and the Postal Rate Commission) may appeal to the MSPB an agency’s failure to restore, improper restoration, or failure to return an employee following a leave of absence. All appeals must be submitted in accordance with MSPB’s regulations.
(c) An individual who is partially recovered from a compensable injury may appeal to MSPB for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration ....
Several other regulations contain provisions applicable to partially recovered employees, such as 5 C.F.R. § 353.301:
(d)Partially recovered. Agencies must make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty.
In order to appeal to the Board, the partially recovered employee must make non-frivolous allegations of the elements of the claim, viz., “that: (1) he was separated from his position due to a compensable injury; (2) he partially recovered from the injury; (3) he requested restoration within certain limitations; and, (4) the agency denied that request.” Walley v. Dep’t of Veterans Affairs, 279 F.3d 1010, 1019 (Fed.Cir.2002).
The MSPB found that Ms. Bledsoe had made nonfrivolous allegations of the elements of her claim and considered the reasons given by the Postal Service for denying restoration. The Postal Service stated that there was no “necessary and productive work available” within Ms. Bledsoe’s medical restrictions. The administrative judge, at a status conference with the parties, stated that “in order to raise a non-frivolous allegation that denial of restoration was arbitrary and capricious, the appellant must identify a vacant position, or positions, within 50 miles” of her former work location, as this would constitute “specific, independent evidence corroborating her allegation that the denial was arbitrary and capricious.” Ms. Bledsoe, aided by a union representative, identified three “door monitor” positions at her prior location, provided a description of the duties of this position, and explained why Ms. Bledsoe could perform those duties within her medical limitations. She also presented evidence and argument as to the seniority of various employees at that location, as well as medical evidence of her partial recovery. The Postal Service and Ms. Bledsoe presented opposing *1108 evidence and argument as to the availability of suitable positions within the commuting area and Ms. Bledsoe’s suitability for those positions.
The panel majority states that the Board did not consider this record evidence, which was submitted thirty-two days before final decision. However, the Board did not exclude the evidence, nor put Ms. Bledsoe on notice of its purported procedural defects. This would be a different case, if the administrative judge had refused to consider the evidence that it requested and that was provided. See Frampton v. Dep’t of Interior, 811 F.2d 1486, 1489 (Fed.Cir.1987) (“A fair hearing for employees who appeal to the MSPB from agency decisions is the basic cornerstone of employee rights.”); accord Schucker v. Fed. Deposit Ins. Corp., 401 F.3d 1347 (Fed.Cir.2005) (“[Fjairness in adjudicating employee’s rights is a cornerstone of proceedings before the Board.”).
The administrative judge decided that, on the regulatory standard for review of agency actions involving partially recovered employees, the decision of the Postal Service should be sustained. That is, in view of the highly deferential “arbitrary and capricious” standard specified by § 353.304(c) for partially recovered employees, the agency’s determination is not easily second-guessed. However, it does not follow that jurisdiction is lost, on affirming the merits of an appeal whose jurisdiction is assigned to the Board by statute. Such incorrect invocation of “jurisdiction” for a decision on the merits is confusing, error-prone, and subject to abuse. See Do-Well Mach. Shop, Inc. v. United States, 870 F.2d 637, 640 (Fed.Cir. 1989) (“To master this distinction [between dismissal on the merits and dismissal for want of jurisdiction] is not merely an intellectual exercise without practical utility.”).
The Court emphasized in Henderson v. Shinseki, — U.S. -, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011) that judges should exercise “discipline” when using the term jurisdiction, for “the , consequences that attach to the jurisdictional label may be so drastic,” including “altering] the normal operation of our adversarial system,” “wasting] of judicial resources,” and “unfairly prejudicing] litigants.” 131 S.Ct. at 1202. Misdesignation of “jurisdiction” should not be condoned, for it can be invoked to abuse, for example to avoid the consequences of res judicata, or to change the standard of review, or to enable an untimely change of position or withdrawal of a concession, or to permit insertion of new issues after a deadline, or to shift the burdens or presumptions in midstream— for the rule appears to be inviolate that “jurisdiction” can be raised at any time.
The Court has often reminded the lower courts and the administrative tribunals that “the term ‘jurisdictional’ properly applies only to ‘prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)’ implicating that authority.” Reed Elsevier, Inc. v. Muchnick, — U.S.-, 130 S.Ct. 1237, 1243, 176 L.Ed.2d 18 (2010) (quoting Kontrick v. Ryan, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)). In Reed Elsevier the Court reiterated the inaptness of “drive-by jurisdictional rulings”:
In Arbaugh, we described the general approach to distinguish “jurisdictional” conditions from claim-processing requirements or elements of a claim: “If the Legislature clearly states that a threshold limitation on a statute’s scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as juris *1109 dictional, courts should treat the restriction as nonjurisdictional in character.”
Id. at 1244 (quoting Arbaugh, 546 U.S. at 515-16, 126 S.Ct. 1235); see also Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946) (“Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.”). The standard of review is not an element of jurisdiction. The standard of “arbitrary and capricious” is deferential, not jurisdictional. In Spruill v. Merit Systems Protection Board, 978 F.2d 679 (Fed. Cir.1992) this court explained that: “The forum had jurisdiction to hear the matter in the first instance — that is, subject-matter jurisdiction existed — as long as the petitioner asserted nonfrivolous claims,” id. at 687-88, and pointed out that: “Sometimes the question of subject matter jurisdiction gets confused with the question of entitlement to relief, that is, whether a cause of action has been stated in the complaint, or later proved.” Id. at 686. Such confusion is here apparent.
Entitlement to relief was the dispute in Ms. Bledsoe’s appeal to the MSPB, not subject matter jurisdiction or personal jurisdiction. In Union Pacific Railroad Co. v. Brotherhood of Locomotive Engineers & Trainmen, — U.S. -, 130 S.Ct. 584, 175 L.Ed.2d 428 (2009), where the agency was the National Railroad Adjustment Board, the Court explained that “there is surely a starting presumption that when jurisdiction is conferred, a court may not decline to exercise it. The general rule applicable to courts also holds for administrative agencies directed by Congress to adjudicate particular controversies.” Id. at 590 (citation omitted); see also Pruidze v. Holder, 632 F.3d 234, 240 (6th Cir.2011) (“[A]n agency cannot contract its power to hear claims that fall plainly within its statutory jurisdiction.”).
The Board’s jurisdiction is set by statute. No statute states that jurisdiction is ousted if the petitioner does not make her case. The standard by which the Board reviews agency action is not a matter of jurisdiction, but of procedural law. A review of the evidence going to the merits leads to a decision on the merits, not denial or grant of jurisdiction depending on whether the petitioner wins or loses. See Bell, 327 U.S. at 682, 66 S.Ct. 773 (“[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.”); Spruill, 978 F.2d at 687 (“[Fjailure of proof of an element of the cause of action means the petitioner is not entitled to the relief he seeks.”). The Board incorrectly characterized its decision as jurisdictional, denying its own jurisdiction assigned by 5 U.S.C. § 7701(a) and 5 C.F.R. § 353.304(c). This court compounds the error. From this court’s flawed “drive-by jurisdictional” analysis, I must, respectfully, dissent.