BRYSON, Circuit Judge,
dissenting.
This case turns on the burden of proof. Mr. Tierney bore the burden of proving that his agency charged him with military leave on certain noil-working days.' See Duncan v. Dep’t of the Air Force, 674 F.3d 1359, 1363 (Fed.Cir.2012).
In an effort to satisfy that burden, Mr. Tierney introduced evidence that during the period at issue the government had a policy of charging military leave not only for the workdays during which employees were performing military service, but also for intervening non-workdays falling within those periods of military service. He testified that as a supervisor he was aware that it was the policy of his agency to charge military leave for such intervening non-workdays.
On the assumption that his agency was charging military leave for non-workdays falling within a period of military leave, Mr. Tierney identified 43 intervening non-workdays during the 18 years in dispute (42 weekend days and one holiday) for which he claims the agency’s policy would have required it to charge him with military leave. He then identified 41 days between 1980 and 1997 in which he performed military service after his military leave would have been exhausted if the agency had charged the 43 intervening non-workdays against his allotted military leave. Based on his assumption that his military leave was improperly used for non-working days, he argued that he must have been charged annual leave or leave without pay for the 41 days on which he performed military service but was not credited with military leave, and that he should be compensated for them.
It is now clear that there was a flaw in Mr. Tierney’s theory. Personnel records introduced by the government showed that 16 of the days for which Mr. Tierney claimed he was forced to use annual leave or leave without pay fell within pay periods in which Mr. Tierney was not charged any annual leave or leave without pay. That evidence conclusively rebutted his case with respect to those particular days. More importantly, it showed that the underlying theory of Mr. Tierney’s case— *1380 that the agency consistently charged employees with military leave for intervening non-workdays—was wrong.
Notwithstanding the effect of the government’s evidence in undercutting Mr. Tierney’s theory of the case, the administrative judge granted relief to Mr. Tierney for 17 days in which the personnel records left open the possibility that he may have been improperly charged military leave for intervening non-workdays earlier in the same year. Those 17 days fell into pay periods during which Mr. Tierney was charged annual leave, although the records did not identify the particular days during the pay period for which the annual leave was charged, nor did they reflect whether he might have elected to use annual leave in place of military leave on particular occasions. Thus, while the records for those 17 days did not prove that Mr. Tierney was not charged annual leave for days on which he was performing military service and would have wanted to use military leave rather than annual leave, they also did not prove the contrary. The fact that on 17 occasions in an 18-year period Mr. Tierney was charged with some annual leave during a pay period in which he was performing some military service does not prove that he was charged annual leave for the days on which he was performing military service and that he was forbidden from using military leave in those instances. There are at least two other, plausible explanations: He may have taken some annual leave on those occasions in conjunction with his authorized military leave, or he may have chosen to use annual leave rather than military leave for particular days that he was on active duty.[1]
The administrative judge recognized that the military and personnel records did not prove that Mr. Tierney had been forced to use annual leave even for those 17 days. Nonetheless, the administrative judge found Mr. Tierney’s testimony regarding the agency’s policy of charging military leave for intervening non-workdays to be credible, and on that basis ruled in Mr. Tierney’s favor with respect to the 17 days.
The full Board reversed the administrative judge’s decision based on two observations, neither of which is contested here. First, the Board pointed out that the military and civilian records in the case were “insufficient to demonstrate that the agency improperly charged him military leave on non-workdays or that, as a result, he was forced to use annual leave to cover his absence for military service.” Second, as to the appellant’s contention that the agency consistently followed the policy of charging military leave for intervening days; the Board recognized that the government’s evidence disproving Mr. Tierney’s claims as to 16 of the days in dispute “casts doubt on several of the presumptions underlying the information presented by [Mr. Tierney].”
The majority rests its decision largely on the administrative judge’s finding that Mr. Tierney was a credible witness when he testified that “he was sure that he was charged military leave on intervening non-workdays.” The problem is that Mr. Tierney’s testimony about the agency’s consistent practice was proved to be wrong. The records disproved his claim of improper charging of military leave with respect *1381 to 16 of the days for which he sought relief, and as to the 17 days as to which he was granted relief, the best that can be said is that the records did not conclusively prove him wrong.
While it is true that the Board should not disregard a credibility finding made by an administrative judge without explanation, there was such an explanation in this case: The records showed that Mr. Tierney’s testimony regarding the agency’s consistent practice of charging military leave for intervening non-workdays was not true. The majority recognizes this problem with the evidence; it acknowledges that the government is correct that the evidence showed that the agency did not always follow its policy regarding military leave, but it adds that the government’s evidence does not prove that the agency never followed that policy.
If the burden of proof in this case were on the government, that observation might have some force. But it is not. The burden of showing entitlement to compensation for wrongfully charged leave falls on the employee. And in light of the holes in the evidence and the effect of the personnel records in undermining Mr. Tierney’s theory of the ease, it was reasonable for the Board to conclude that he had not satisfied his burden of proof.
It is important to underscore our role as a reviewing court in a case such as this one. The Board decided that Mr. Tierney did not satisfy his burden of proof. The question before us is not whether, upon an independent examination of the record, we would decide that question as the Board did. Instead, our task is to decide whether it was unreasonable for the Board to reach that conclusion, i.e., whether substantial evidence supports the Board’s determination that Mr. Tierney did not sustain his burden of proof. See Haebe v. Dep’t of Justice, 288 F.3d 1288, 1305 (Fed. Cir.2002); Frampton v. Dep’t of the Interior, 880 F.2d 1314, 1317 (Fed.Cir.1989); see also Eli Lilly & Co. v. Aradigm Corp., 376 F.3d 1352, 1363 (Fed.Cir.2004) (“What is or is not substantial may only be determined with respect to the burden of proof that the litigant bore in the trial court.”).
As the Supreme Court has explained, substantial evidence “must be enough to justify, if the trial were to a jury, a refusal to direct a verdict.” NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939). What that means is that in order to rule for Mr. Tierney, we must conclude that the evidence in his favor is so strong that if this were a jury trial we would be required to overturn a jury verdict finding that he had not met his burden of proof. See Allentown Mack Sales & Serv., Inc. v. NLRB, 522 U.S. 359, 366-67, 118 S.Ct. 818,139 L.Ed.2d 797 (1998); INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). I cannot agree that, on the evidence in this record, we would overturn a jury verdict against Mr. Tierney.
The issue in this case is not one of first impression. In a closely similar case, Duncan v. Department of the Air Force, 674 F.3d 1359 (Fed.Cir.2012), this court upheld the decision of the Board that an employee had not satisfied his burden of proof of showing that his agency had improperly charged military leave for intervening non-workdays. We upheld the Board in Duncan even though, as in this case, the administrative judge credited the petitioner’s testimony regarding his leave. Id. at 1362.
There are only two distinctions between this case and Duncan. The first one cuts in Mr. Tierney’s favor: Unlike Mr. Duncan, Mr. Tierney was a supervisor and therefore could be assumed to have greater familiarity with the agency’s leave poli *1382 cies and practices. The second distinction, however, cuts against Mr. Tierney: In Mr. Tierney’s case, unlike in Mr. Duncan’s case, there was documentary evidence that specifically rebutted the employee’s argument that the agency applied a consistent policy of charging military leave for intervening non-workdays. Thus, while Mr. Tierney’s status as a supervisor might have justified an inference that he was aware of the agency’s policies and practices with respect to charging military leave, the fact that the documentary evidence showed that his testimony regarding the agency’s practice was incorrect with respect to a number of the days for which he sought compensation substantially undermines the probative force of that inference.[2] This case is thus not meaningfully distinguishable from the court’s precedent in Duncan. In the absence of a persuasive ground for distinguishing that precedent, we are obliged to follow it.
I respectfully dissent.

. Military leave can be carried over from one fiscal year to the next up to a maximum of 15 days of carryover leave. 5 U.S.C. § 6323(a). While annual leave can also be carried over up to a certain limit, id. § 6304(a), it can be to the benefit of an employee with a large balance of annual leave to use annual leave rather than military leave for a period of military service in order to avoid losing the annual leave, see 5 C.F.R. § 353.208, and to carry over the corresponding days of military leave to the next fiscal year.

. As noted above, while the documentary evidence showed that Mr. Tierney took some days of annual leave during some of the pay periods in which he also served some days on active duty, that evidence did not establish that the days of annual leave were the days on which he was on active duty and that he had already exhausted his military leave on each of those occasions. On balance, then, the documentary evidence is more helpful to the government than to Mr. Tierney.